**CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, a pension trust, and Howard McDougall, trustee and fiduciary of such pension trust, Plaintiffs,**

v.

**Roy M. BROWN, d/b/a Roy M. Brown Trucking, Defendant.**

No. 84 C 4563.

United States District Court, N.D. Illinois, E.D.

July 27, 1984.

Daniel M. Locallo, Cent. States Legal Div., Chicago, Ill., for plaintiffs.

William T. Rodeghier, James Prendergast, Chicago, Ill., for defendant.

## MEMORANDUM ORDER

BUA, District Judge.

Before the Court is defendant's motion to transfer this case to the District Court for the Southern District of Illinois pursuant to 28 U.S.C. § 1404(a). For the reasons stated herein, defendant's motion to transfer is granted.

### I. FACTS

The following facts are set forth in the First Amended Complaint filed by plaintiff on July 19, 1984, and an affidavit filed by defendant on July 9, 1984.

Plaintiff Central States, Southeast and Southwest Areas Pension Fund ("the Fund") is a common law pension trust operating as an employee benefit plan with its principal place of business at Chicago, Illinois. Plaintiff Howard McDougall serves as a trustee of the Fund. Defendant Roy M. Brown, a resident of Galatia, Illinois, is the sole proprietor of Roy M. Brown Truck-

ing, an unincorporated business which is engaged in the business of transporting coal, rock and sand in the area of Galatia, Illinois.

The Fund brings this three-count complaint against Brown, invoking the jurisdiction of this Court under Section 502(e)(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(e)(1), and Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a). The Fund alleges that Brown has breached the terms of various agreements which require Brown to make monthly pension contributions to the Fund on behalf of Brown's employees. Brown is allegedly delinquent in the amount of $80,148.26 to the Fund.

In support of the breach of contract claim for the period of May 1, 1980, through April 30, 1983, the Fund attaches a copy of a collective bargaining agreement ("the 1980–83 agreement") executed by Teamsters Local No. 347 and Egyptian Truck Owners Association, Inc. ("the Association"). Apparently in an attempt to establish that the 1980–83 agreement obligates Brown to make payments to the Fund, the Fund alleges that Brown granted the Association a power of attorney and authorized the Association to negotiate and sign the 1980–83 agreement on behalf of Brown. Brown, however, denies that he ever granted the Association a power of attorney and further denies that he was ever a member of the Association. The Association's Secretary, B.R. Waldren, possesses the books and records of the Association, and resides in Herrin, Illinois.

## II. DISCUSSION

■ Section 1404(a), 28 U.S.C., provides:

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

*Id.* In order to show that transfer of venue is proper, the moving party must establish that (1) venue is proper in the transfer-

or court; (2) venue is proper in the transferee court, and (3) the transfer is for the "convenience of parties and witnesses, in the interest of justice." *Midwest Precision Services v. PTM Industries,* 574 F.Supp. 657, 659 (N.D.Ill.1983) (*quoting Chicago, R.I. & P.R. Co. v. Igoe,* 212 F.2d 378, 379 n. 1 (7th Cir.1954)). Although the party seeking transfer bears the burden of establishing that a transfer of venue is proper, the burden under § 1404(a) is substantially less than a transfer under the doctrine of *forum non conveniens. Norwood v. Kirkpatrick,* 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955).

### A. *Venue*

Jurisdiction for the Fund's complaint is grounded upon 29 U.S.C. §§ 185(a) and 1132(e)(1). Claims brought solely against an employer under § 185(a) are subject to the general venue statute, 28 U.S.C. § 1391. *Stith v. Manor Baking Co.,* 418 F.Supp. 150, 155 (W.D.Mo.1976); 1 Moore's Federal Practice, ¶ 0.144 [14.–16] (2d ed. 1984), at 1568. Venue is proper under § 1391 in the judicial district where all defendants reside or in which the claim arose. 28 U.S.C. § 1391. Claims brought under § 1132(e)(1) are subject to the specific ERISA venue statute contained in 29 U.S.C. § 1132(e)(2), which provides that venue is proper in the judicial district "[1]where the [employee benefit] plan is administered, [2] where the breach took place, or [3] where a defendant resides or may be found...." 29 U.S.C. § 1132(e)(2).

■ In this case, the Fund is administered in the Northern District of Illinois; the claim arose in the Southern District of Illinois; the "breach took place" in the Southern District, and the defendant resides in the Southern District. Thus, venue, under ERISA, is proper in both the transferor and transferee districts. Furthermore, since Brown has failed to object to improper venue in the Northern District of Illinois on the § 185(a) claim, venue is also proper under § 185(a) in the transferor and transferee courts. (*See St. Hilaire v.*

*Shapiro,* 407 F.Supp. 1029, 1031 (E.D.N.Y. 1976)).

### B. *Plaintiff's Choice of Forum*

■ The Fund's choice of forum is entitled to substantial weight unless that forum lacks any significant contact with the underlying cause of action. *Hotel Constructors, Inc. v. Seagrave Corp.,* 543 F.Supp. 1048, 1050 (N.D.Ill.1982); *Cunningham v. Cunningham,* 477 F.Supp. 632, 634 (N.D.Ill.1979). In this case, the only relationship to the Northern District of Illinois is that the Fund is administered here. Whether Brown, however, is liable to the Fund and, if so, the amount of that liability are issues which have no relationship to this district. All of the labor contracts at issue were negotiated and signed in the Southern District of Illinois. Brown's alleged breach of contract occurred in the Southern District; the alleged power of attorney was issued in the Southern District; the Association which allegedly entered into the contract on behalf of Brown is located in the Southern District; and Brown's employment records, which would be utilized to ascertain the amount of damages if liability is established, are located in the Southern District. Since the Fund's choice of forum lacks any significant contact with the underlying cause of action, the Fund's choice of forum will not be given substantial weight, but rather will be given "equal consideration along with other factors which must be considered under § 1404." *Hotel Constructors, Inc. v. Seagrave Corp.,* 543 F.Supp. 1048, 1051 (N.D.Ill.1982).

### C. *Convenience of the Parties*

■ The Fund is administered from its sole office located within the Northern District of Illinois. Brown resides in the Southern District of Illinois and his business, Roy M. Brown Trucking, operates exclusively within the Southern District. A transfer of this case to the Southern District would therefore merely shift the inconvenience of litigating this case from Brown to the Fund. A mere shift in inconvenience is not, by itself, sufficient to warrant a transfer of venue under § 1404(a). *NTN Bearing Corp. v. Charles E. Scott, Inc.,* 557 F.Supp. 1273, 1279 (N.D.Ill.1983); *Bodines, Inc. v. Sunny-O, Inc.,* 494 F.Supp. 1279, 1286 (N.D.Ill.1980). Accordingly, transfer of this case is not warranted solely for the convenience of the parties.

### D. *Convenience of the Witnesses*

■ In considering the convenience of potential witnesses, the Court must consider not only the number of witnesses located in the respective districts, but also the nature and quality of their testimony in relationship to the issues of the case. *Midwest Precision Services v. PTM Industries,* 574 F.Supp. 657, 659 (N.D.Ill.1983); *Vaughn v. American Basketball Assoc.,* 419 F.Supp. 1274, 1276–77 (S.D.N.Y.1976).

All of the potential witnesses identified by the parties reside in the Southern District of Illinois. B.R. Waldren, Secretary of the Association, is a resident of the Southern District and presently possesses the books and records of the Association. Brown intends to call Waldren to testify that Brown was never a member of the Association, never granted the Association a power of attorney, and never authorized the Association to negotiate labor matters on Brown's behalf. Furthermore, Brown intends to call D.C. Simpson, G. Rigsby, and F. Denny, residents of the Southern District, to testify regarding membership in the Association. Whether the Association was authorized to negotiate and contract on Brown's behalf is an important issue raised by the Fund in Count II of the Amended Complaint. Since all of the known potential witnesses reside in the Southern District, the convenience of the witnesses would be best served by transferring the case to the Southern District of Illinois.

### E. *Interest of Justice*

Factors listed by the Supreme Court to be considered in evaluating whether transfer is in the interest of justice include: ... relative ease of access to sources of proof; availability of compulsory process

for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; ... and all other practical problems that make a trial easy, expeditious, and inexpensive.

*Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). In this case, it appears that most of the sources of proof are located in the Southern District of Illinois. Moreover, all of the potential witnesses reside in the Southern District and would not be subject to the compulsory process of this Court.

Another factor favoring transfer to the Southern District is the relative bargaining power and financial positions of the parties. *See Butterick Co. v. Will,* 316 F.2d 111 (7th Cir.1963); *AAMCO Automatic Transmissions, Inc. v. Bosemer,* 374 F.Supp. 754, 757 (E.D.Pa.1974). As Judge Will stated in a similar case brought under ERISA by an employee benefit fund against an employer:

> ... it is obviously unfair and not in the interests of justice to require an apparently small, local employer in Florida to come to Illinois to assert whatever defenses it may have to the national fund's complaint.

*National Electric Contractors Assoc. v. Brannen,* No. 83 C 6161, slip op. at 9 (N.D.Ill. Nov. 30, 1983). Similarly, it would not be in the best interest of justice in this case to require Brown, the sole proprietor of an apparently small trucking company located in Galatia, Illinois operating solely within the Southern District, to defend a suit 300 miles from his home brought by a large pension fund with jurisdiction over several regions of the country.

Finally, the type of relief sought by the Fund indicates that, in the interest of justice, this case should be transferred to the Southern District of Illinois. In addition to seeking damages, the Fund seeks a mandatory injunction which would require Brown to make contributions to the Fund in the future. Assuming that the Fund successfully prosecutes its claim and is entitled to injunctive relief, this Court would be required to monitor the defendant's activities

from a distance of 300 miles. The parties and the Court would be greatly inconvenienced if such an injunction was issued. Clearly, the District Court for the Southern District of Illinois is better equipped than this Court to enforce an injunction against a resident of its own district.

### III. CONCLUSION

Defendant has sustained his burden of showing that the convenience of witnesses and the interest of justice require this case to be transferred to the District Court for the Southern District of Illinois. Defendant's motion to transfer the case pursuant to 28 U.S.C. § 1404(a) to the Southern District of Illinois is therefore granted.

IT IS SO ORDERED.