**GENERAL ACCIDENT INSURANCE COMPANY, Plaintiff,**

v.

**The TRAVELERS CORPORATION, Defendant.**

**No. 87 C 4614.**

United States District Court, N.D. Illinois, E.D.

Aug. 13, 1987.

Dennis Horan, Hinshaw, Culbertson, Moelmann, Hoban & Fuller, Chicago, Ill., for plaintiff.

Alan H. Silberman and Roger K. Heidenreich, Sonnenschein, Carlin, Nath & Rosenthal, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff General Accident Insurance Company ("General Accident") brought this action in state court seeking a declaratory judgment setting forth its rights and liabilities with respect to an insurance policy issued by it to defendant Travelers Corporation ("Travelers"). Travelers removed the action to this Court, and currently before this Court is Travelers' motion to dismiss, stay or transfer this action. For the reasons noted, we transfer this action pursuant to 28 U.S.C. § 1404(a) (1982) to the Federal District Court for the Western District of Texas.

## FACTUAL BACKGROUND

We consider the following relevant facts alleged in the complaint and drawn from the evidentiary materials submitted by the parties. General Accident is a Pennsylvania corporation which maintains its principal place of business in Pennsylvania. Travelers is a Connecticut corporation which maintains its principal place of business in Pennsylvania. General Accident issued a policy of Insurance Companies and Affiliates Professional Liability Insurance to Travelers for the period May 1, 1984 to May 1, 1987. In this declaratory judgment action, General Accident seeks a declaration that it has no obligation to pay or indemnify Travelers in an action captioned *David Milligan, et al. v. The Travelers Insurance Company, et al.*, (No. 84 CI 10873), in the District Court of Texas County, Texas (the "Milligan" action) and for any other similar claims. In the *Milligan* action, Travelers was found to have wrongfully denied insurance coverage to the Mil-

ligans' newborn infant in violation of the Texas Insurance Code and the rules and regulations promulgated by the Texas State Board of Insurance. Judgment was entered against Travelers on February 12, 1987, on the Milligan's claim for $5 million compensatory damages and $25 million punitive damages. Travelers subsequently settled the claim with the Milligans for $19 million dollars. General Accident and Travelers were engaged in settlement negotiations concerning Travelers' claim for coverage under the errors and omissions policy it had with General Accident when General Accident filed this action in Illinois state court on May 12, 1987. Five days later, Travelers filed its own action, but this time in the United States District Court for the Western District of Texas.

General Accident alleges that the underwriting manager for the errors and omissions policy is located in Evanston, Illinois, and that is where all the underwriting activities such as acceptance of the application, analyzing the risk and issuance of the policy took place. Also, the underwriter "handled all claims presented by Travelers wherein coverage was sought by Travelers under" the errors and omissions policy. (B. Thompson, affidavit, ¶ 4). The errors and omissions policy required that notice of claims be given to the underwriter in Illinois.

In its complaint for declaratory judgment, General Accident sets forth seven counts. Count I seeks a declaratory judgment that General Accident need not indemnify Travelers for either the *Milligan* lawsuit or any other lawsuit against Travelers for failure to provide coverage to Texas newborns. General Accident claims this is because Travelers failed to disclose to General Accident in its application for the errors and omissions policy that it failed to comply with the provisions of the Texas Insurance Code and orders of the Texas State Board of Insurance regarding newborn infants.

Count II seeks the same declaration, but this time on the grounds that Travelers failed to give "proper notice" of either the Milligan's claim or the Milligan's lawsuit as required under the policy because Travelers did not notify General Accident until a judgment was entered.

Count III seeks the same declaration but on the grounds that Travelers' had breached its established custom and practice in notifying General Accident of serious claims which might reach the coverage of General Accident's errors and omissions policy. Travelers allegedly did this with the *Milligan* claim by failing to comply with its own custom and practice of notifying General Accident whenever it had a serious claim made against it which had the potential to reach the level of General Accident's policy coverage. General Accident also alleged this failure with respect to other claims like the Milligan's arising out of Travelers' failure to comply with the Texas Insurance Code and orders of the Texas State Board of Insurance regarding coverage for newborns.

Count IV seeks the same declaration but for the reason that the Milligan's claim was made prior to the policy period of General Accident's errors and omissions policy because "on information and belief" the claim for an error or omission out of which the *Milligan* claim arose was made before the policy period began.

Count V seeks the same declaration but on the grounds that two exclusions in Endorsement No. 2 to the policy are applicable. Specifically, General Accident alleges that it has no liability because the Milligan's claim arose out of a group health plan issued by Travelers to Milligan's Texas employer, which General Accident argues puts the claim within an exclusion in Endorsement No. 2. The second exclusion applies to claims arising out of any discrimination in underwriting, which General Accident alleges applies because of Travelers' knowing and consistent practice of noncompliance with the Texas rules and regulations involving mandatory coverage for newborns.

Count VI seeks the same declaration but for the reason that the executive officers or directors of Travelers had knowledge of Travelers' failure to comply with the Texas Insurance Code and orders of the Texas

State Board of Insurance regarding group health insurance for newborn infants prior to the effective date of the errors and omissions policy.

Finally, Count VII seeks the same declaration as all other counts but on the grounds that an exclusion in Endorsement No. 12 applies to exclude coverage because on "information and belief" the *Milligan* claim was based on a fact, circumstance or situation underlying or alleged in litigation in which Travelers was a party defendant as of May 1, 1984.

In summary, all the counts revolve around the facts and circumstances concerning the Milligan's lawsuit in Texas and the requirements of the Texas Insurance Code and orders of the Texas State Board of Insurance.

## MOTION TO TRANSFER

This motion for transfer of venue is governed by 28 U.S.C. § 1404(a) (1982), which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

In order to meet the requirements of § 1404(a), defendant must show (1) that venue is proper in the transferor district; (2) that the transferee district is one where the action might have been brought; and (3) that the transfer will serve the convenience of parties and witnesses and will promote the interest of justice. *Central States, Southeast and Southwest Area Pension Fund v. Brown,* 587 F.Supp. 1067, 1069 (N.D.Ill.1984); *Hess v. Gray,* 85 F.R.D. 15, 24 (N.D.Ill.1979). Defendant, as movant, additionally has the burden of establishing by reference to particular circumstances, that the transferee forum is clearly more convenient. *Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 220 (7th Cir.1986). Less of a showing of inconvenience is needed for a § 1404(a) transfer than that for a *forum non conveniens* dismissal. *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 253, 102 S.Ct. 252, 264–65, 70 L.Ed.2d 419 (1981). The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and therefore is committed to the sound discretion of the trial judge. *Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 219 (7th Cir.1986).

█ The first two requirements of a transfer under § 1404(a) are clearly established in this case. The venue for removed actions is the district and division in which the state court action was pending. 28 U.S.C. § 1441(a) (1982); *Polizzi v. Cowles Magazines, Inc.,* 345 U.S. 663, 665, 73 S.Ct. 900, 902, 97 L.Ed. 1331 (1953). In this case, the state court action was brought in the Circuit Court of the State of Illinois in Cook County, which is embraced within the Northern District of Illinois (the transferor district). Accordingly, venue is proper in this district. Venue is also proper in the Western District of Texas (the transferee district) because General Accident is licensed to do business there and the claim arose there. 28 U.S.C. § 1391(a), (c) (1982). Finally, we find that the final requirement for a transfer, that the transfer be for "the convenience of parties and witnesses, [and] in the interest of justice" will be met by a transfer of this case to the Western District of Texas.

█ First, we consider the "convenience of the parties." While it is true that plaintiff's choice of forum must be given some weight in deciding whether this case should be transferred, *FDIC v. Citizens Bank & Trust Co.,* 592 F.2d 364, 368 (7th Cir.), *cert. denied,* 444 U.S. 829, 100 S.Ct. 56, 62 L.Ed.2d 37 (1979)., it is also true that where the chosen forum lacks any significant connection to the underlying claim, the plaintiff's choice is of reduced importance and becomes just one of the factors which the court may consider. *Convenient Food Mart, Inc. v. Prouse,* No. 85 C 5508, slip op. at 5 (N.D.Ill. Oct. 16, 1985) [Available on WESTLAW, DCT database]. In this case, both parties have their place of incorporation and principal place of business outside of Illinois. The only limited contact Illinois has with this litigation is the fortuitous location of the General Accident's underwriter on this policy. General Accident

claims that this means that there will be a significant amount of witnesses and documents from the underwriters. A review of the complaint, however, reveals little, if any, evidence that will be needed from the underwriters. The complaint alleges that notice of a claim under the errors and omissions policy which allegedly was not done in this case must be given to the underwriters. Thus, it is clear that Illinois, while having some connection, does not have such a connection to this litigation that we should give undue consideration to plaintiff's choice of forum. Whether this case is in Texas or Illinois, both parties will be equally inconvenienced because their home office and principal place of business are not in either state. Accordingly, the convenience of the parties is not a critical factor in determining the proper location for this case.

In consideration of the convenience of witnesses, as between Illinois and Texas, Texas is much more convenient. General Accident actually concedes this but argues that, because witnesses will need also to travel from Connecticut and Pennsylvania, Illinois is a better location than Texas because of the "unique position of O'Hare Airport" as a readily accessible point between Philadelphia, Hartford and San Antonio. Under that reasoning, however, Nashville would probably be a better location for the trial. Nashville, of course, has no connection at all to this case, and for the most part neither does Illinois. The consideration is not which geographical locale is most centrally located, but which locale, having a *substantial* connection to the litigation, is most convenient. It is not altogether clear that if this case were not removed first from state court, that venue would even be proper in this district. That, however, is not relevant; what is relevant is which location is more convenient for the witnesses, Illinois and Texas. Because numerous witnesses and documents are in Texas and very few are in Illinois, we find that Texas is the more convenient location for this case for witnesses.

Finally, we find that the interest of justice will also be served by transferring this case to the Western District of Texas. The Seventh Circuit has indicated two factors, among several, that are relevant to the interest of justice analysis are (1) whether it is possible to transfer related litigation to a jurisdiction where consolidation is feasible, and, in diversity cases, (2) the familiarity of the federal judge with the applicable state law. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 221 (7th Cir.1986). As to the first factor, because Travelers' suit against General Accident concerning the very issues raised in this declaratory judgment action is currently pending in the Western District of Texas, the interest of justice will best be served by transferring this case to the Western District of Texas for consolidation. Additionally, the interest of justice will best be served by transferring this case to a federal judge more familiar with Texas law than we are. As General Accident noted in its brief, it is not altogether clear that only Texas law applies to this controversy, it may well be that more than one state's substantive law applies to different issues. It is, however, clear that Texas insurance law is at the heart of this controversy. Therefore, to the extent this factor is at all relevant, we find that the balance weighs in favor of Texas.

In conclusion, we find pursuant to 28 U.S.C. § 1404(a) that a transfer of this action to the Western District of Texas is justified for the convenience of parties and witnesses and in the interest of justice. Accordingly, we transfer this action to the Western District of Texas for consolidation with *Travelers Insurance Company v. General Accident Insurance Company*, No. SA87CA0627 (ECP). It is so ordered.