**E.J. McGOWAN & ASSOCIATES, INC., Plaintiff,**

v.

**BIOTECHNOLOGIES, INC., and John D. Perry, individually, Defendants.**

**No. 89 C 3946.**

United States District Court, N.D. Illinois, E.D.

March 16, 1990.

George E. Bullwinkel and Jamie S. Freveletti, Burditt, Bowles & Radzius, Chicago, Ill., for plaintiff.

Terrence W. McMillin and Richard M. LaBarge, Marshall, O'Toole, Gerstein, Murray & Bicknell, Chicago, Ill., for defendants.

## ORDER

NORGLE, District Judge.

Before the court is the motion of defendants, John D. Perry and Biotechnologies,

Inc. ("Biotech") to dismiss the complaint of plaintiff E.J. McGowan & Associates, Inc. ("McGowan"). For the following reasons, the court grants the motion.

Biotech is a Maine corporation with its principle place of business in Bryn Mawr, Pennsylvania. Dr. John D. Perry is a Pennsylvania resident and the President of, and partial stockholder in, Biotech. Mr. Perry owns the patent to the "Vaginal Myograph" pubococcygeus contraction monitor system, an electrical sensing device aiding in the treatment of incontinence.

McGowan is an Illinois corporation with its principle place of business in Elmhurst, Illinois. McGowan also manufactures and sells electrical sensing devices used in the treatment of incontinence. In particular, McGowan manufactures the Advanced Perineometer Model 127–002. McGowan received a letter from counsel for Biotech, dated October 13, 1988, warning that the Advanced Perineometer might infringe Dr. Perry's patent. Counsel for McGowan responded by forwarding examples of the Advanced Perineometer to Biotech's counsel. In a letter dated March 13, 1989, Biotech's counsel stated that it had determined that the Advanced Perineometer did infringe Dr. Perry's patent, and threatened possible litigation. McGowan then filed the instant suit, seeking a declaratory judgment that McGowan was not infringing Dr. Perry's patent.

## DISCUSSION

Defendants have moved to dismiss plaintiff's complaint on the basis that this court lacks personal jurisdiction over both Dr. Perry and Biotech.

■ The burden to establish jurisdiction is on the party asserting it. *Saylor v. Dyniewski*, 836 F.2d 341, 342 (7th Cir. 1988); *Integrated Business Information Service v. Dun & Bradstreet*, 714 F.Supp.

296 (N.D.Ill.1989); *Gordon v. Tow*, 148 Ill. App.3d 275, 279–80, 101 Ill.Dec. 394, 397, 498 N.E.2d 718, 721 (1st Dist.1986). A federal district court in Illinois has personal jurisdiction over a party only if an Illinois state court could have such jurisdiction. *John Walker & Sons v. DeMert & Dougherty, Inc.*, 821 F.2d 399, 401 (7th Cir.1987); *Dun & Bradstreet*, 714 F.Supp. at 299. In Illinois, a court may acquire personal jurisdiction over a non-resident defendant by showing the defendant was either "doing business" within the state or is subject to jurisdiction under the Illinois long arm statute[1]. *Asset Allocation & Mgt. Co. v. Western Employers Insurance Co.*, 892 F.2d 566, 570 (7th Cir.1989); *Heil*, 863 F.2d at 548. By "doing business" within the state, a corporation is deemed to have consented to jurisdiction. *R.W. Sawant & Co. v. Allied Programs Corp.*, 111 Ill.2d 304, 312–13, 95 Ill.Dec. 496, 501, 489 N.E.2d 1360, 1365 (1986); *Cook*, 87 Ill.2d at 199, 57 Ill.Dec. at 734, 429 N.E.2d at 851. Although there is no all-inclusive test for "doing business" in this state, the Illinois Supreme Court has held that "the term means that the corporation is conducting business in Illinois of such a character and extent as to warrant the inference that the corporation has subjected itself to the jurisdiction and laws of the district in which it is served and in which it is bound to appear when a proper agent has been served with process". *Cook*, 87 Ill.2d at 201, 57 Ill.Dec. at 735, 429 N.E.2d at 852. This conduct must not be occasional or casual but must be substantial and show a fair measure of permanence and continuity. *Asset Allocation*, 892 F.2d at 570; *Cook*, 87 Ill.2d at 202–03, 57 Ill.Dec. at 736, 429 N.E.2d at 853.

■ Plaintiff bases its entire jurisdictional argument on the assertion that Biotech was "doing business" in the Northern District, ignoring the Illinois long arm stat-

**1.** The existence of the long arm statute has not preempted jurisdiction based on "doing business" within the state. *Heil v. Morris Knudsen Corp.*, 863 F.2d 546, 548 (7th Cir.1988); *Cook Assoc., Inc. v. Lexington United Corp.*, 87 Ill.2d 190, 200, 57 Ill.Dec. 730, 734, 429 N.E.2d 847, 851 (1981). The "doing business" standard of jurisdiction differs from the long arm statute in that, under the "doing business" standard, the cause of action need not a arise from the act conferring jurisdiction. *Id.; Cook*, 87 Ill.2d at 200, 57 Ill.Dec. at 734–35, 429 N.E.2d at 851–52.

ute [2]. Plaintiff's Response, p. 6. However, neither Dr. Perry nor Biotech maintain an office, a mailing address or a telephone number in Illinois. Dr. Perry, as an individual, has only been in Illinois three times, twice on vacation and once in attendance at a convention. Biotech has engaged in business in Illinois on only five occasions, three days in attendance at a convention and two days in negotiations with Hollister, Inc., an Illinois corporation. These facts do not show the "fair measure of permanence and continuity" necessary for jurisdiction under this doctrine [3]. *Cook*, 87 Ill.2d at 202–03, 57 Ill.Dec. at 736, 429 N.E.2d at 853; *Sawant*, 111 Ill.2d at 313, 95 Ill.Dec. at 501, 489 N.E.2d at 1365. Therefore, plaintiff has failed to demonstrate that defendants have consented to jurisdiction in this court under the "doing business" standard.

Although not raised by the plaintiff, jurisdiction could also be based on the Illinois long arm statute [4]. Formerly, the reach of the Illinois long arm statute was considered to be coterminous with the "minimum contacts" test of the due process clause. However, the Illinois Supreme Court, in *Cook Associates, Inc. v. Lexington United Corp.*, 87 Ill.2d 190, 57 Ill.Dec. 730, 429 N.E.2d 847 (1981) rejected this notion [5]. *See also, J. Walker*, 821 F.2d at 402; *Dun & Bradstreet*, 714 F.Supp. at 299; *Gordon*, 148 Ill.App.3d at 279, 101 Ill.Dec. at 397, 498 N.E.2d at 721. Therefore, in determining whether an Illinois court could properly exercise jurisdiction, a federal court should ask three questions: (1) whether the defendant engaged in one of the jurisdictional acts enumerated by the statute; (2) whether the cause of action is one "arising from" the jurisdictional act; and (3) whether the exercise of long arm jurisdiction is consistent with due process as defined by prevailing constitutional standards. *J. Walker*, 821 F.2d at 402; *Jacobs/Kahan & Co. v. Marsh*, 740 F.2d 587, 590 (7th Cir.1984).

The first inquiry this court makes is whether Dr. Perry and Biotech engaged in one of the jurisdictional acts enumerated in the statute. The only possible jurisdictional act in this case is the transaction of business within the state. Dr. Perry's total personal contacts with Illinois encompass three days, two spent on vacation here and one in attending a convention. Nowhere does plaintiff allege the transaction of business by Dr. Perry as an individual within the state. Plaintiff does point to jurisdictional acts within this state by Dr. Perry as President of Biotech. However, jurisdictional acts as an officer of a corporation do not subject the individual to personal jurisdiction. *Marine Midland Bank N.A. v. Miller*, 664 F.2d 899, 902 (2d Cir.1981);

---

**2.** Although this appears to be the basis for plaintiff's argument, plaintiff fails to cite a single Illinois case discussing the application of the "doing business" test.

**3.** Plaintiff also alleges this court has jurisdiction because Biotech products have entered Illinois. Plaintiff's Response, p. 6. However, plaintiff has not shown that defendants' products regularly entered Illinois in substantial amounts sufficient to constitute doing business. *See, Connelly v. Uniroyal, Inc.*, 75 Ill.2d 393, 27 Ill.Dec. 343, 389 N.E.2d 155 (1979).

**4.** The statute, in pertinent part, states:
Act submitting to jurisdiction—Process. (a) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, his or her personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts: (1) the transaction of any business within this State

... Ill.Rev.Stat. ch. 110, para. 2–209(a)(1) (1987). The statute goes on to state: (d) Only causes of action arising from acts enumerated herein may be asserted against a defendant in an action in which jurisdiction over him or her is based upon this Section. Ill.Rev.Stat. ch. 110, para. 2–209(d).

**5.** The court notes that the Illinois long arm statute has recently been amended. Effective September 7, 1989, the reach of 2–209 is again co-extensive with the due process clause, making a bifurcated analysis unnecessary. Act of August 19, 1981. P.A. 86–840, sec. 1, § 2–209(c). However, the amendment is only applied to cases filed after the effective date of the amendment. *FMC Corp. v. Varonos*, 892 F.2d 1308, 1311, n. 5 (7th Cir.1990); *Promatek Medical Systems, Inc. v. Ergometrics, Inc.*, No. 89 C 6913 at 4, 1990 WL 19491 (February 15, 1990 N.D. Ill.). As this case was filed on May 12, 1989, prior to the effective date of the amendment, the court will analyze the Illinois requirements and due process considerations separately.

*State Security Insurance Co. v. Frank B. Hall & Co., Inc.*, 530 F.Supp. 94, 97–98 (N.D.Ill.1981). Plaintiff has therefore failed to show that Dr. Perry engaged in any act submitting himself to the jurisdiction of this state.

Turning to the actions of Biotech, the court likewise finds jurisdiction lacking. The only basis upon which Biotech can be found to have transacted business in Illinois is through either the two day negotiation with Hollister, Inc. or the sending of infringement letters into the state [6]. A jurisdictional act can be based upon a single transaction within the state as long as the cause of action is related to, ie. "arises from", the business which is done. *J. Walker*, 821 F.2d at 402. A cause of action arises from a transaction if it "lies in the wake" of the transaction. *Heil*, 863 F.2d at 549; *Saylor*, 836 F.2d at 343; *J. Walker*, 821 F.2d at 403. In the present case, McGowan's cause of action for declaratory judgment is not related to the negotiations between Hollister, Inc. and Biotech, and this act is therefore insufficient to confer jurisdiction under the Illinois long arm statute.

■ The last issue before the court is whether infringement letters sent by Biotech to McGowan in Illinois are sufficient to confer jurisdiction. Biotech, through their counsel, sent letters warning of possible infringement and litigation on October 13, 1988 and March 13, 1989. This district has held that the sending of infringement letters into the jurisdiction is sufficient to be the "transaction of business" in the state. *Classic Golf Co. v. Karsten Manufacturing Co.*, 231 U.S.P.Q. 884, 885, 1986 WL 8953 (N.D.Ill.1986) (citing *Nova Biomedical Corp. v. Moller*, 629 F.2d 190, 193, 207 U.S.P.Q. 713, 715–16, n. 3 (1st Cir.1980); *Wesley–Jessen, Inc v. Volk*, 200 U.S.P.Q. 795, 796 (N.D.Ill.1976); *Chromium Industries, Inc. v. Mirror Polishing & Plating Co., Inc.*, 193 U.S.P.Q. 158, 161 (N.D.Ill.1976) (citing *B & J Manufacturing Co. v. Solar Industries*, 483 F.2d 594, 598, 179 U.S.P.Q. 137, 140 (8th Cir.1973)). Plaintiff therefore satisfies the first element of the test. Moreover, McGowan's cause of action for declaratory judgment arises from the jurisdictional act of sending infringement letters into Illinois, *Nova Biomedical*, 629 F.2d at 195–96, n. 9, 207 U.S.P.Q. at 718, n. 9, satisfying the second element.

■ Having found that Biotech's mailing of infringement letters satisfies the requirements necessary under Illinois law, the court looks to see whether exercise of jurisdiction is consistent with due process as defined by prevailing constitutional standards. The application of the due process clause to the assertion of jurisdiction rests upon "traditional notions of fair play and substantial justice." *International Shoe Co. v. State of Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) "The 'constitutional touchstone' in the due process analysis is 'whether the defendant purposefully established minimum contacts' in the forum state." *FMC Corp. v. Varonos*, 892 F.2d 1308, 1313 (7th Cir.1990) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985)). Minimum contacts are established when there is an act by the defendant by which he purposely avails himself of the privilege of conducting activities within the forum state. *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958); *FMC*, 892 F.2d at 1313. However, not all contacts are "minimum contacts". The contact must such that a it is foreseeable to subject the

---

**6.** Plaintiff claims jurisdiction can be based upon Biotech's attendance at a convention in Chicago and on telephone calls made by defendant to plaintiff in Illinois. Plaintiff's Response, p. 3, 6. However, mere attendance at a convention is insufficient to constitute the transaction of business. *DeVillamont v. Hawaiian Liquor Distributing, Inc.*, No. 86 C 8276, 1987 WL 9021 (March 25, 1987 N.D.Ill.). Likewise, telephone calls into the state, in and of themselves, are not sufficient to be a jurisdictional act. *Asset Allocation*, 892 F.2d at 570 (correspondence with parties within Illinois insufficient to find jurisdiction); *Hawaiian Liquors*, No. 86 C 8276 at 9–10; *but see, Cook Associates, Inc. v. Colonial Broach and Machine Co.*, 14 Ill.App.3d 965, 970, 304 N.E.2d 27, 30–31 (1st Dist.1973). Moreover, as will be explained, plaintiff's cause of action does not arise from these acts.

defendant to jurisdiction within the forum state. *Burger King,* 471 U.S. at 474–75, 105 S.Ct. at 2183. The defendant, by virtue of minimum contacts, should "reasonably anticipate" being haled into court in that forum. *Burger King,* 471 U.S. at 474, 105 S.Ct. at 2183; *FMC,* 892 F.2d at 1313. The contacts must "proximately result from actions by the defendant himself that create a 'substantial connection' with the forum state." *Burger King,* 471 U.S. at 475, 105 S.Ct. at 2184; *FMC,* 892 F.2d at 1313. The requirement of "purposeful availment" insures that the defendant will not be haled into a jurisdiction based on "random, fortuitous or attenuated contacts." *Burger King,* 471 U.S. at 475, 105 S.Ct. at 2183.

In the case before the court, Biotech's mailing of infringement letters is insufficient to comport with the requirements of the due process clause. The sending of infringement letters, in and of itself, does not satisfy the due process clause[7]. *Classic Golf,* 231 U.S.P.Q. at 885; *Nova Biomedical,* 629 F.2d at 197, 207 U.S.P.Q. at 719. Infringement letters may be the "transaction of business" in the state, but additional contacts are needed to satisfy due process analysis. *Id.; Nova Biomedical,* 629 F.2d at 197, 207 U.S.P.Q. at 719; *B & J Manufacturing,* 483 F.2d at 598, 179 U.S.P.Q. at 140. Here, Biotech's sole contacts with Illinois, other than the infringement letters, are its attendance at a convention, two days of negotiation with Hollister, Inc., telephone calls into the jurisdiction and the minimal sale of Biotech products in Illinois. It cannot be said that, through these sparse contacts, Biotech created a substantial connection with Illinois by which it "purposely availed itself of the privilege of conducting activities within Illinois" and could reasonably anticipate being haled into court in the state. Although the infringement letters are enough to transact business under the long arm statute, defendant's contacts with the state are too tenuous to satisfy the due process clause.

Therefore, this court lacks personal jurisdiction over both Dr. Perry and Biotech under either the Illinois long arm statute or the "doing business" test. Accordingly, the court dismisses the complaint.

IT IS SO ORDERED.

---

7. The court agrees with the First Circuit Court of Appeals, that to allow jurisdiction based solely on the mailing of infringement letters would result in "blitzkrieg" litigation, where suits would be filed without prior warning or attempt to settle disputes in order to avoid a foreign jurisdiction. *Nova Biomedical,* 629 F.2d at 196, 207 U.S.P.Q. at 718.