INTERNATIONAL HONEYCOMB
CORP., Plaintiff,

v.

TRANSTECH SERVICE NETWORK,
INC., Defendant.

No. 90 C 3062.

United States District Court,
N.D. Illinois, E.D.

Aug. 24, 1990.

Arne M. Olson, Michael A. Hierl, Frank J. McGue, Olson & Hierl, Chicago, Ill., for plaintiff.

Charles A. Laff, Laff, Whitesel, Conta and Saret, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the Court is the motion of defendant, Transtech Service Network, Inc. (TSN) to dismiss the Complaint of the plaintiff International Honeycomb Corp. (IHC) under Federal Rule of Civil Procedure 12(b) or transfer the complaint to the Eastern District of New York pursuant to 28 U.S.C. § 1404.

### FACTS

TSN is a New York corporation with its principal place of business located in Rosedale, New York. IHC is an Illinois corporation with its principal place of business located in University Park, Illinois. TSN and IHC allegedly reached an agreement on July 14, 1989 to form a joint venture to produce insulated containers that preserve temperature-sensitive goods during shipping.[1] TSN terminated the parties' relationship on May 3, 1990, pursuant to a letter which was sent to the University Park, Illinois office of IHC. Each party claims patent rights to the insulated containers that were to be jointly produced and marketed. TSN subsequently sent letters to some of IHC's customers, discussing the dispute between TSN and IHC with respect to the patent. IHC claims that the letters were threatening and they interfered with IHC's business relationships. IHC filed this complaint on May 29, 1990, seeking compensatory and injunctive relief.

1. Whether an actual agreement was reached is a disputed issue. The defendant claims that the July 14, 1989 letter was a letter of intent only.

IHC's Complaint states three causes of action against TSN: unfair competition, breach of contract and a count seeking a declaratory judgment with respect to the patent issue.

## DISCUSSION

### A. *Jurisdiction*

▮ TSN's motion to dismiss asserts that the Court does not have personal jurisdiction over TSN. The burden to establish jurisdiction is on the party asserting it. *Saylor v. Dyniewski*, 836 F.2d 341, 342 (7th Cir.1988). In deciding a motion to dismiss, however, the Court must resolve all factual disputes in favor of the plaintiff. *Deluxe Ice Cream Co. v. R.C.H. Tool Corp.*, 726 F.2d 1209, 1215 (7th Cir.1984). A non-resident corporation is subject to suit if it performs one of the acts enumerated in the Illinois long-arm statute and jurisdiction is consistent with due process or if it is "doing business" in Illinois. *Id.* at 1212. Personal jurisdiction under the Illinois long-arm statute is considered separately from the question of whether the assertion of jurisdiction over a party would violate due process. *Id.* at 1214; *See Green v. Advance Ross Electronics Corp.*, 86 Ill.2d 431, 56 Ill.Dec. 657, 427 N.E.2d 1203 (1981).

### 1. *Long–Arm Statute*

IHC alleges jurisdiction pursuant to the long-arm statute. The relevant provisions of the statute state:

(a) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person ... to the jurisdiction of the courts of this State as to any cause of action arising from the doing of such acts:

(1) The transaction of any business within this State;

(2) The commission of a tortious act within this State; ...

(c) Only causes of action arising from acts enumerated herein may be asserted against a defendant in an action in which jurisdiction over him or her is based upon this Section.

Ill.Rev.Stat. ch. 110, para. 2–209 (1983). Each cause of action must separately "arise from" the defendant's contacts in Illinois. *Club Assistance Program, Inc. v. Zukerman*, 594 F.Supp. 341, 345 (1984). The Seventh Circuit has held that the long-arm statute "requires only that the cause of action lie in the wake of the transaction of business." *J. Walker & Sons, Ltd. v. DeMert & Dougherty, Inc.*, 821 F.2d 399, 403 (7th Cir.1987) (*quoting, Jacobs/Kahan & Co. v. Marsh*, 740 F.2d 587 (7th Cir. 1984)).

IHC asserts that the Illinois long-arm statute confers jurisdiction over TSN because TSN sent a letter to Gard Inc., which is located in Illinois, and the letter constituted "(t)he commission of a tortious act" in Illinois within the scope of Section 2–209. Specifically, IHC argues that the letter was threatening and interfered with IHC's business relationship with Gard Inc.

TSN responds that the letter sent to Howard Klehm of Gard Inc. was not a tortious act in Illinois because it was sent in response to alleged aggressive tactics of the plaintiff, and the letters were merely informative rather than threatening. Although the letters may have been sent with the best intentions, they could reasonably be perceived as a threat of litigation as reflected in the affidavit of Mr. Klehm submitted by IHC. Illinois case law has consistently held that mailings by a nonresident, "when coupled with an intent to affect Illinois interests," are sufficient to confer jurisdiction based on the commission of a tortious act. *FMC Corp. v. Varonos*, 892 F.2d 1308, 1313 (7th Cir.1990). Moreover, this factual dispute must be resolved in favor of plaintiff. *Deluxe Ice Cream*, 726 F.2d at 1215. The sending of infringement letters has been considered sufficient to confer jurisdiction under the "transaction of any business" section of the long-arm statute. *E.J. McGowan & Assoc. v. Biotechnologies Inc.*, 736 F.Supp. 808, 811 (N.D.Ill.1990). Both IHC's cause of action for unfair competition and patent claims "arise from" the sending of the infringement letter into Illinois, thus conferring the jurisdiction of this court. *See E.J. McGow-*

*an & Assoc. v. Biotechnologies Inc.*, 736 F.Supp. 808 (N.D.Ill.1990).

IHC also contends that the contractual contacts between its Illinois office and TSN were sufficient to satisfy the "transaction of any business" requirement of the long-arm statute, thereby invoking the Court's jurisdiction as to the breach of contract claim. The letter terminating the agreement was sent by TSN's president, David Hollander, to IHC's Illinois office. Representatives of the two parties also met in Illinois for two days in September, 1989, to discuss pricing and various aspects of the joint venture. Although TSN alleges that the visit to Illinois was merely intended for the officers to meet, again all factual disputes at this stage must be resolved in favor of the plaintiff. *Deluxe Ice Cream Co.*, 726 F.2d at 1215. IHC further alleges that the two parties discussed the pricing and marketing of the product involved in the proposed joint venture through communications sent to the Illinois office of IHC. The Court finds that it also has jurisdiction with respect to the breach of contract claim because the claim "lies in the wake" of the defendant's transaction of business in Illinois.

### 2. *Due Process Minimum Contacts*

The court now examines whether asserting jurisdiction over TSN meets the due process requirement. The Seventh Circuit has noted that the sufficiency of minimum contacts can not be determined by a rule of thumb, but depends on the reasonableness of subjecting the particular defendant to suit in the state. *Deluxe Ice Cream Co. v. R.C.H. Tool Corp.*, 726 F.2d 1209, 1213 (7th Cir.1984). The central element in the due process analysis is whether "the defendant purposefully established 'minimum contacts' in the forum state." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985). The Supreme Court has defined minimum contact as "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228,

1239–40, 2 L.Ed.2d 1283 (1958). "The requirement of 'purposeful availment' insures that the defendant will not be haled into a jurisdiction based on 'random, fortuitous or attenuated contacts.'" *McGowan & Assoc., Inc. v. Biotechnologies Inc.*, 736 F.Supp. 808, 812 (N.D.Ill.1990) (*quoting Burger King*, 471 U.S. at 475, 105 S.Ct. at 2183). A critical element of a defendant's activity in the due process analysis is whether "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).

Judge Norgle recently held that although the sending of infringement letters falls within the ambit of the long-arm statute, additional contacts are necessary to satisfy due process. *E.J. McGowan & Assoc., Inc. v. Biotechnologies Inc.*, 736 F.Supp. 808 (N.D.Ill.1990). In *McGowan*, the defendant did not have any other contacts related to the cause of action in the forum. Therefore, the Court found that the defendant's contacts with the state were too tenuous to satisfy due process. *Id.*

The facts of this case are distinguishable from those presented in *McGowan*. The fact that an Illinois corporation was affected by the act of a non-resident corporation is clearly not enough to satisfy due process. *Heritage House Restaurants, Inc. v. Continental Funding Group, Inc.*, 906 F.2d 276 (7th Cir.1990). TSN, however, purposefully availed itself of a business transaction with an Illinois corporation and it would not be unreasonable or unforeseeable for the defendant to be haled into an Illinois court. Although lack of presence in a forum is not determinative of jurisdiction, a relevant factor in a contract case is the presence of the defendant in the state while conducting business related to the dispute. *Deluxe Ice Cream Co. v. R.C.H. Tool Corp.*, 726 F.2d 1209, 1213 (7th Cir. 1984); *Heritage House Restaurants, Inc. v. Continental Funding Group, Inc.*, 906 F.2d 276 (7th Cir.1990). TSN was present in Illinois for two days to discuss the con-

tinuing business relationship of TSN and the plaintiff. There was correspondence between TSN and IHC in Illinois related to the pricing and marketing of the product in question. TSN mailed the termination letter to the plaintiff in Illinois. The Court finds that the defendant's continuing relationship with IHC in Illinois and its affirmative act of sending an infringement letter into Illinois made it reasonably foreseeable that it would be haled into an Illinois court. Accordingly, TSN's motion to dismiss is denied.

B. *Motion to Transfer*

■ In addition to its motion to dismiss, the defendant has moved alternatively to transfer this action to the Eastern District of New York pursuant to 28 U.S.C. § 1404(a). Transfer is appropriate under Section 1404(a) where the moving party establishes: (1) that venue is proper in the transferor district; (2) that venue is proper in the transferee district; and (3) that the transfer will serve the convenience of the parties and the witnesses and will promote the interest of justice. *See Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 219, n. 3 (7th Cir.1986). Section 1404(a) does not specify the weight to be given each factor, and that determination is left to the sound discretion of the trial judge. *Id.* at 219. A defendant corporation "shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." Judicial Improvements and Access to Justice Act, Pub.L. No. 100–702, § 1013(a), 102 Stat. 4642 (1988) (amending 28 U.S.C. § 1391(c) (1988)). Therefore, because the Court has already determined that jurisdiction is proper as to TSN, venue is also proper in this district. Venue also exists in the Eastern District of New York because TSN's principal place of business is in Rosedale, New York.

The next consideration is the convenience of the parties and witnesses and the interests of justice. The Court must consider the factors enumerated in section 1404(a) while also giving weight to the plaintiff's choice of forum. *Hotel Constructors, Inc. v. Seagrave Corp.,* 543 F.Supp. 1048, 1050 (N.D.Ill.1982). If the plaintiff's choice of

forum lacks any significant connection to the claim, however, it becomes only one of the many factors the Court may consider. *General Accident Insurance Co. v. Travelers Corp.,* 666 F.Supp. 1203 (N.D.Ill. 1987). The burden is on the movant to establish "by reference to particular circumstances, that the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 220 (7th Cir.1986).

The convenience of the parties weighs in favor of transfer to New York. It is more convenient for the plaintiff to litigate in New York than it is for the defendant to litigate in this district. Plaintiff's documents are located in both Illinois and Connecticut, as are plaintiff's party witnesses. Defendant's documents and party witnesses, however, are all located in New York. The convenience of third-party witnesses is a factor that is not determinative. TSN sent the alleged infringement letters to customers of IHC in several states, including Massachusetts and Illinois. Accordingly, the balance of factors favors transfer.

CONCLUSION

For the reasons stated in this order, defendant TSN's motion to dismiss pursuant to F.R.C.P. 12(b) is denied and defendant's motion to transfer to the Eastern District of New York pursuant to 28 U.S.C. 1404(a) is granted.