**Mike MUNSKI, Plaintiff,**

v.

**J.R. UNITED INDUSTRIES, INC., a corporation, and Miami Robes International, Inc., a corporation, Defendants.**

**No. 90 C 6533.**

United States District Court, N.D. Illinois, E.D.

Feb. 14, 1991.

---

**380**

Edward S. Margolis, Teller, Levit & Silvertrust, P.C., Chicago, Ill., for plaintiff.

Jay L. Miller, Miller & King, Ltd., Barrington, Ill., for defendants.

## ORDER

BUA, District Judge.

■ This motion is one for change of venue. Plaintiff Mike Munski has brought suit in the Northern District of Illinois to recover sales commissions allegedly owed him by defendants J.R. United Industries, Inc. and Miami Robes International, Inc.. Plaintiff is a resident of the State of Illinois and this district. Defendants are residents of the Southern District of Florida. Defendants wish to transfer venue to that district. For the reasons stated below, defendants' motion is denied.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

■ To show that transfer is warranted, the moving party must establish that "(1) venue is proper in the transferor court; (2) venue is proper in the transferee court; and (3) the transfer is for the 'convenience of the parties and witnesses in the interest of justice.'" *Midwest Precision Services v. PTM Industries*, 574 F.Supp. 657, 659 (N.D.Ill.1983) (quoting *Chicago, R.I. & P.R. Co. v. Igoe*, 212 F.2d 378, 379 n. 1 (7th Cir.1954)). Here, the first two elements of the analysis are easily satisfied. At the time this case was filed, venue in a diversity suit was proper in the judicial district where all plaintiffs reside, all defendants reside, or in which the claim arose. 28 U.S.C. § 1391(a). Since plaintiff resides in this district, venue is proper in the transferor court. Venue is also proper in the transferee court. Defendants all reside in the Southern District of Florida.

However, defendants strike out with the third element. They, as the moving party, bear the burden of proving that the "transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–220 (7th Cir.1986). From the sketchy information provided in defendants' motion, the court cannot conclude that transfer would be more convenient for the parties and witnesses, or in the interest of justice.

■ In general, plaintiff's choice of forum should be given weight in the analysis unless that forum has no contact with the cause of action. The exception does not apply in this case as plaintiff sues for commissions on sales that allegedly occurred in Illinois. Moving to the convenience of parties, it appears that each would be equally inconvenienced in either district. This factor, then, is a neutral one. Next, the witnesses must be considered. "In analyzing the convenience of the witnesses, the Court must consider not only the number of potential witnesses ..., but also the nature and quality of their testimony and whether they can be compelled to testify." *Ratner v. Hecht*, 621 F.Supp. 378, 382 (N.D.Ill.1985). Although defendants include a list of witnesses in their affidavit, the court is completely in the dark regarding these witnesses' ties to the issues in litigation. Further, defendants make no representation (other than the fact that these witnesses are residents of Florida) that these witnesses would be unavailable if the suit were tried in Illinois. Plaintiff, on the other hand, discloses the names of two witnesses who are Illinois residents. From plaintiff's representations, these witnesses were parties to transactions in which plaintiff sold defendants' products. Their testimony appears central to plaintiff's case. And, plaintiff is concerned about whether these witnesses will appear

if the case were to be transferred to Florida.

Lastly, the court considers the interests of justice. The interests of justice include the availability of sources of proof, the cost of gaining attendance of witnesses, the possibility of a speedy trial, and the securing of a judge who is familiar with the applicable law. *Central States Southeast and Southwest Areas Pension Fund,* 587 F.Supp. 1067, 1070–1071 (N.D.Ill.1984); *Heller Financial, Inc. v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1293 (7th Cir. 1989). According to statements in defendants' affidavit, the applicable records in this case are located in Florida. Defendants state that "transport[ing] all of said witnesses and records to Chicago to try said case would be a burden and extreme inconvenience...." (Defendants' Affidavit in Support of Motion for Change of Venue at 2). Yet, nothing is offered in support of this conclusory statement. The court has no independent basis for assuming that this case would be tried more inexpensively in Florida than Illinois. With regard to timeliness, it is common knowledge that the Southern District of Florida is bogged down with narcotics cases. The suit would likely be resolved in a more speedy manner here than in Florida. As for the applicable law, at this juncture the court can only assume that Illinois law (at least Illinois choice of law rules) will apply. Plaintiff's allegations are based on Illinois statutes. And, it appears that the contract was performed, at least on plaintiff's part, in Illinois. An Illinois court would be more familiar with Illinois law. When all the factors are tallied, defendants do not survive the inning. Rather than demonstrating that the transferee district is more clearly convenient, it appears that defendants are merely trying to shift the inconvenience to plaintiff. Change of venue is not warranted on these grounds. Accordingly, the court denies defendants' motion to change venue.

IT IS SO ORDERED.