Terence G. Craig and Bruce Perlin, Cent. States, Southeast and Southwest Areas Pension Fund, Chicago, Ill., for plaintiffs.

Kenneth I. Markham, Chicago, Ill., for defendant.

**CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, et al., Plaintiffs,**

v.

**R. Wayne STEPHENS, Defendant.**

No. 89 C 823.

United States District Court, N.D. Illinois, E.D.

Sept. 20, 1989.

### ORDER

BUA, District Judge.

Plaintiffs Central States, Southeast and Southwest Areas Pension Fund ("the Fund") and its trustees filed this case to collect withdrawal liability payments from defendant Robert Stephens. Stephens has moved to dismiss the action for lack of personal jurisdiction or, in the alternative, to transfer the case to the appropriate district court in Tennessee. For the following reasons, this court denies both motions.

■ This action is brought pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* (1982). Under ERISA, the Fund may sue "to compel an employer to pay withdrawal liability." 29 U.S.C. § 1451(b) (1982). Stephens argues, however, that this court does not have in personam jurisdiction because he never transacted any business or performed any other act in Illinois from which the claim arose. But this argument ignores the fact that section 1451 provides for nationwide service of process: "process may be served in any dis-

trict where a defendant resides, does business, or may be found." 29 U.S.C. § 1451(d) (1982). "Where Congress has authorized nationwide service of process, a federal court may exercise personal jurisdiction over any United States resident, without regard to whether its sister state could assert jurisdiction under minimum contacts principles." *Combs v. Adkins & Adkins Coal Co.*, 597 F.Supp. 122, 125 (D.D.C.1984); *see also Fitzsimmons v. Barton*, 589 F.2d 330, 333 (7th Cir.1979). As a resident citizen of the United States, Stephens has sufficient contacts with the United States to support this court's exercise of jurisdiction over him. Having found that this court has personal jurisdiction, Stephens' motion to dismiss is denied.

In the alternative, Stephens has moved to transfer this case to Tennessee. To transfer a case pursuant to 28 U.S.C. § 1404(a), the moving party must establish the following: (1) venue is proper in the transferor court; (2) venue is proper in the transferee court; and (3) the transfer is for the convenience of the parties and witnesses, in the interest of justice. *Ratner v. Hecht*, 621 F.Supp. 378, 381 (N.D.Ill.1985). In this case, the first two factors are satisfied. Venue is proper in this court because the Fund is administered in the Northern District of Illinois. 29 U.S.C. § 1451(d) (1982). Venue is also proper in a Tennessee district court because Stephens is a Tennessee resident. 28 U.S.C. § 1391(b) (1982).

Consequently, to obtain a change of venue, Stephens must show that a transfer would promote the convenience of the parties, the convenience of the witnesses, and the interest of justice. Before a case will be transferred, however, the burden is on the movant to demonstrate a "clear balance of inconvenience." *Hotel Constructors, Inc. v. Seagrave Corp.*, 543 F.Supp. 1048, 1050 (N.D.Ill.1982). Furthermore, the plaintiff's choice of forum is given substantial weight. *Gallery House, Inc. v. Yi*, 587 F.Supp. 1036, 1040 (N.D.Ill.1984).

Clearly, Tennessee would not provide a more convenient forum for the parties and witnesses. Although Stephens is a resident of Tennessee, the Fund is administered from its office located in Illinois. All of the Fund's witnesses reside in the Northern District of Illinois. Stephens, on the other hand, does not even claim to have any witnesses in his defense or that any potential witnesses would be unable to appear in this district. A transfer of this case to Tennessee would merely shift the inconvenience onto the Fund. Moreover, this court is unpersuaded that a transfer would best serve the interest of justice. Other than the conclusory assertions of inconvenience and financial hardship contained in a single affidavit, Stephens has not presented any substantial evidence which would indicate that this apparently routine collection matter can be handled more expeditiously or efficiently in Tennessee. Most, if not all, of the documents and sources of proof involving the assessment and calculation of Stephens' potential liability are located in this district.

Therefore, this court sees no reason to disturb the Fund's choice of forum.