**William E. DUGAN, et al., Plaintiffs,**

**v.**

**M & W DOZING & TRUCKING, INC., an Indiana corporation, Defendant.**

**No. 89 C 6048.**

United States District Court, N.D. Illinois, E.D.

Nov. 22, 1989.

**418**

Bernard M. Baum, Walter J. Reum, James M. Neuman, and Alan H. Auerbach, Baum & Sigman, Chicago, Ill., for plaintiffs.

Charles Sheerin, Michigan City, Ind. and Gerald P. Callaghan, Siemon Larsen & Purdy, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

The plaintiffs William E. Dugan, *et al.*, have brought this action against M & W Dozing and Trucking ("MW") seeking relief under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132, 1145. MW has filed a motion to transfer the matter to the United States District Court for the Northern District of Indiana, pursuant to 28 U.S.C. § 1406(a).[1] For the reasons set forth below, we deny this motion.

The plaintiffs are the trustees of multi-employer fringe benefit funds. The trustees claim that MW was obligated to contribute to these funds pursuant to its collective bargaining agreement with the International Union of Operating Engineers, Local 150. The trustees allege that MW has breached the agreement by failing to make required payments to the fund, refusing to allow the trustees to review payroll records and denying access to various other reports. MW has responded by filing this motion to transfer pursuant to 28 U.S.C. § 1404(a).

■ Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Thus, there are three factors which must be considered in deciding a motion to transfer. First, venue must be proper in the transferor district. Second, the transferee district must be one where the action might have been brought. Finally, the transfer must serve the convenience of the parties and witnesses and promote the interests of justice. *General Accident Insurance Co. v. Travelers Corp.*, 666 F.Supp. 1203, 1206 (N.D.Ill.1987).

■ In this case, the first two requirements are not in dispute. Both parties agree that venue is proper in both this district and the Northern District of Indiana. However, the parties disagree about which district is favored by the convenience of the parties and witnesses and the interests of justice.

After considering the arguments of each party, it is obvious that neither forum is

---

1. MW also filed a motion to dismiss for improper venue. However, this motion was subsequently withdrawn.

convenient to both parties. While MW has established that the Northern District of Indiana is a more convenient and cost efficient forum from its perspective, the trustees have demonstrated that it would be more convenient for them to proceed in this district.

Given this mutual inconvenience, we deny the motion to transfer for two reasons. First, the plaintiff's choice of forum is entitled to deference, especially when the plaintiff is a resident of the district in which the suit has been filed. *Hess v. Gray*, 85 F.R.D. 15, 24 (N.D.Ill.1979). Because the trust funds are administered in the Northern District of Illinois, the trustees' choice of forum is entitled to deference.

More importantly, the venue provisions contained in ERISA weigh against transfer. Congress provided that ERISA suits may be brought in the district where the plan is administered, where the breach took place or where a defendant resided or may be found. 29 U.S.C. § 1132(e)(2). "Congress has given the ERISA plaintiff a choice, and that choice is entitled to our deference unless clearly outweighed by other factors." *Central States, et al. v. David Sloan*, 714 F.Supp. 943 (N.D.Ill. 1988). Moreover, allowing MW to transfer this case would undermine the Congressional intent to protect the financial integrity of employee benefit plans. If the trustees were forced to litigate everywhere where an employer resided, this would result in undue hardship and expense to the funds. *Id.; Central States, Southeast and Southwest Areas Pension Fund v. Madison Cartage Co.*, No. 86 C 8705, slip op., 1987 WL 10582 (N.D.Ill.1987).

For these reasons, M & W Dozing's motion to transfer the case to the Northern District of Indiana is denied. It is so ordered.