Cherie A. McCRACKEN, Plaintiff,

v.

AUTOMOBILE CLUB OF SOUTHERN CALIFORNIA, INC.; Management Services, Inc.; and Interinsurance Exchange of the Automobile Club of Southern California, Inc., Defendants.

No. 94–4243–SAC.

United States District Court,
D. Kansas.

June 2, 1995.

**560**

Cherie A. McCracken, Topeka, KS, pro se.

Jack L. Whitacre, Aaron C. Johnson, Spencer, Fane, Britt & Browne, Kansas City, MO, for defendants.

## MEMORANDUM AND ORDER

CROW, District Judge.

The case comes before the court on the defendants' motion to dismiss (Dk. 3) for improper venue and lack of jurisdiction pursuant to Rules 12(b)(1)[1], (2) and (3) of the Federal Rules of Civil Procedure. The plain-

---

1. Though the defendants cite Rule 12(b)(1) in their motion, none of their arguments amounts to an attack on the court's subject matter jurisdiction. For this reason, the court will address only the issues of personal jurisdiction and venue.

2. To the form complaint supplied by the court and completed by her, the plaintiff attached a handwritten statement with the following allegation:

Plaintiff alleges that defendants terminated her because she is a woman who is an inactive certified public accountant (sic) because defendant (sic) was and is aware of knowledge and as a witness and preparer and reviewer of financial information that the defendants collectively did not comply with the ERISA.... (Dk. 1, attachment). In support of her punitive damages claim, the plaintiff offered the following allegation:

---

tiff appearing pro se brings this action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* She alleges the defendants have violated ERISA in not producing information that she requested on the defendants' plans. She further alleges that as a former employee she is a participant under the defendants' plans.[2] She prays for "santions" and punitive damages for the defendants' failure to produce the requested information.

## STANDARDS FOR RULE 12(b)(2) and (3) MOTIONS

The burden rests with plaintiff to prove personal jurisdiction over the defendants. *Taylor v. Phelan,* 912 F.2d 429, 431 (10th Cir.1990), *cert. denied,* 498 U.S. 1068, 111 S.Ct. 786, 112 L.Ed.2d 849 (1991). Once challenged, venue also is a matter for the plaintiff to prove. *Bartholomew v. Virginia Chiropractors Ass'n, Inc.,* 612 F.2d 812, 816 (4th Cir.1979), *cert. denied,* 446 U.S. 938, 100 S.Ct. 2158, 64 L.Ed.2d 791 (1980), *overruled on other grounds, Ratino v. Medical Service of Dist. of Columbia,* 718 F.2d 1260 (4th Cir.1983); *M.K.C. Equipment Co. Inc. v. M.A.I.L. Code, Inc.,* 843 F.Supp. 679, 682 (D.Kan.1994).

Discretion resides with the district court to choose the appropriate procedure for deciding a motion to dismiss for lack of personal jurisdiction. The same is true with a motion to dismiss for improper venue.

The employer terminated plaintiff because she is a woman and because she requested financial data and legal documents that employers' senior management did not have available for review. Under ERISA and under this case, plaintiff requests not less than $200 per day and an award of actual and punitive damages of $25,000,000.00.

(Dk. 1 at 4). The plaintiff does not allege any actual damages for her termination and does not offer any further details regarding her employment or the filing of administrative charges. The court construes these two brief references to her termination as background allegations or, at most, allegations of aggravating circumstances offered to justify her claim for punitive damages. The court does not consider the same allegations to be a separate claim for relief based on employment discrimination. The defendants indicate the plaintiff has pursued the employment claims before a California superior court.

*M.K.C. Equipment Co. Inc.*, 843 F.Supp. at 682; *Jet–Pro Co. Inc. v. Sweet Manufacturing Co., Inc.*, No. 93–4059–SAC, 1993 WL 463512 at *8, 1993 U.S.Dist. LEXIS 15856 at *21 (D.Kan. Oct. 27, 1993). A court may decide these jurisdictional issues by reference to affidavits, after a pretrial evidentiary hearing, or at trial if the issues are intertwined with the merits of the suit. *Federal Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir.1992). When opposing a motion to dismiss supported by affidavits and other written materials, the plaintiff need only make a prima facie showing and may rely on the "well pled facts" of the complaint if uncontroverted by the movant's affidavits. *Id.* at 174. At this initial stage, factual disputes created by conflicting affidavits are resolved in the plaintiff's favor. *Id.* If the factual disputes require an evidentiary hearing or must await a trial on the merits, the plaintiff must then prove the critical jurisdictional facts by a preponderance of the evidence. *Id.*

■■■■ The court will follow the logical progression of deciding the personal jurisdiction challenge first and the venue issue second. *See Leroy v. Great Western United Corp.*, 443 U.S. 173, 180, 99 S.Ct. 2710, 2714, 61 L.Ed.2d 464 (1979). ERISA provides for a nationwide service of process.[3] *Gulf Life Ins. Co. v. Arnold*, 809 F.2d 1520, 1523 (11th Cir.1987); *Orgeron v. Moran Towing Corp.*, No. 93–4164, 1994 WL 462995, at *1, 1994 U.S.Dist. LEXIS 11921, at *3 (E.D.La. Aug. 24, 1994); *McFarland v. Yegen*, 699 F.Supp. 10, 13–14 (D.N.H.1988); *see* Robert C. Casad, *Jurisdiction in Civil Actions* § 5.03[7] (2d ed.1991). Courts generally employ a national contacts standard for personal jurisdiction when the process is served under a federal statute authorizing nationwide service of process. *In re Donald G. Atteberry, DVM, P.A.*, 159 B.R. 1, 5 (D.Kan.1993) (and cases cited therein). When directly confronted with that issue, a persuasive number of courts have used the national contacts standard in ERISA actions. *See, e.g., Orgeron*, 1994 WL 462995 at *1, 1994 U.S.Dist. LEXIS

11921 at *2; *IUE AFL–CIO Pension Fund v. Locke Mach. Co.*, 726 F.Supp. 561, 565 (D.N.J.1989); *Central States, Southeast and Southwest Areas Pension Fund v. Stephens*, 720 F.Supp. 126, 126–27 (N.D.Ill.1989); *US Telecom, Inc. v. Hubert*, 678 F.Supp. 1500, 1507–08 (D.Kan.1987); *McFarland v. Yegen*, 699 F.Supp. at 14. Because the defendants here admittedly reside and conduct business within the United States, the court has personal jurisdiction over them.

ERISA has a liberal venue provision:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where the defendant resides or may be found.

29 U.S.C. § 1132(e)(2). Thus, the plaintiff may bring her action in any of four places: (1) where the plan is administered; (2) where the breach took place; (3) where a defendant resides; or (4) where a defendant may be found.

Though prepared to discuss in order each alternative basis for venue on an ERISA action, the court jumps to the third alternative which authorizes venue here. ERISA does not define corporate residence and does not indicate that the meaning of this term is restricted by or unique to this Act. In their brief, the defendants refer to the definition of corporate residence found at 28 U.S.C. § 1391(c):

> For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were

---

**3.** "Where an action under this subchapter is brought in a district court of the United States, ... process may be served in any other district where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2).

a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

Without a reason to look elsewhere, resort to § 1391(c) for a definition of corporate residence is appropriate.

Precedent exists for supplementing certain special venue statutes with the general provisions of § 1391. The Supreme Court established this pattern:

Although there is no elucidation from statutory history as to the intended effect of § 1391(c) on special venue provisions, the liberalizing purpose underlying its enactment and the generality of its language support the view that it applies to all venue statutes using residence as a criterion, at least in the absence of contrary restrictive indications in any such statute.

Pure Oil Co. v. Suarez, 384 U.S. 202, 204–05, 86 S.Ct. 1394, 1396, 16 L.Ed.2d 474 (1966); see Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas, 891 F.2d 1473, 1477 (10th Cir.1989) ("[S]pecial venue statutes in general, . . . , are supplemented by the venue provisions applicable to all civil cases."), cert. denied, 495 U.S. 930, 110 S.Ct. 2168, 109 L.Ed.2d 498 (1990).

When the Supreme Court handed down Pure Oil, § 1391(c) authorized venue against corporate defendants in any judicial district in which the corporation was incorporated, was licensed to do business, or was doing business. In 1988, Congress amended § 1391(c) so as to essentially equate venue with personal jurisdiction over a corporate defendant. Another change to § 1391(c) was the addition of the introductory phrase, "For purposes of venue under this chapter." Though this phrase arguably limits the applicability of this definition, the practice of supplementing special venue statutes with § 1391(c) continues. See, e.g., Myers v. Bank of New York, No. 94–4950, 1995 WL 129205, at *2, 1995 U.S.Dist. LEXIS 3789, at *4 (E.D.Pa. Mar. 27, 1995) (Jones Act); Kingsepp v. Wesleyan University, 763 F.Supp. 22, 27–28 (S.D.N.Y.1991); see 15 Charles A. Wright, et al., Federal Practice and Procedure § 3811 at 31 (1995 Supp.) ("It

[1988 version of § 1391(c) ] should still be held that it supplements special venue statutes using residence as a criterion.").

 Backed by precedent and the defendants' concession, the court borrows the definition of corporate residence from § 1391(c) in determining venue under § 29 U.S.C. § 1132(e)(2). Because the defendants are corporations with sufficient minimum contacts to the United States, the court has personal jurisdiction over them. Accordingly, by the terms of § 1391(c), the defendants are deemed to reside in Kansas, and by the terms of § 1132(e)(2), venue is therefore proper in Kansas.

The court understands that this reading of the statutes not only seems circular but it effectively nullifies ERISA's venue provisions with respect to corporate defendants. Typically, such an anomalous result would signal some error in interpretation or application, but that is not the case here. Instead, one can find examples of similar statutes being applied in the same way. See, e.g., Kingsepp v. Wesleyan University, 763 F.Supp. at 27–28 (Clayton Act). In addition, commentators on federal jurisdiction and venue have noted this very problem:

Under section 1391(c) a corporation is deemed to reside in any district where it is subject to personal jurisdiction. If the nationwide service statute can be used, all corporate defendants will be subject to personal jurisdiction wherever the plaintiff chooses to bring the action and will accordingly be considered residents of that district. Therefore, if all defendants are corporations, both venue and personal jurisdiction will be proper wherever the plaintiff elects to sue. The venue statute, thus, poses no limitation on forum selection. This anomalous result may be one reason the proposal for nationwide jurisdiction in all federal question cases was dropped from Rule 4 as it was originally proposed in 1989.

This same difficulty may arise under some of the existing nationwide service statutes that allow venue to be laid on the basis of a defendant's residence.

Robert C. Casad, Symposium, *Federal Conflicts of Law: Personal Jurisdiction in Federal Question Cases,* 70 Tex.L.Rev. 1589, 1611–12 (1992). Another commentator similarly observed:

> But suppose, in a realm in which a statute authorizes nationwide service, that there is no companion statute setting venue, thus necessitating resort to § 1391(c). What impact will there be on venue under the new subdivision (C) if the corporate defendant is amenable to service anywhere in the country (or, for that matter, beyond) without reference to any contacts the defendant may have, or may *not* have, with the district? Applying the simple language of the statute, it would appear that the plaintiff can lay venue in that case in any district at all, anywhere in the nation. If for some tactical reason the plaintiff should choose a district having nothing to do with the case at all, but now qualifying as proper venue under subdivision (c)—and thus escaping a dismissal under § 1406[a], the wrong-venue statute—there's always old faithful § 1404(a) of Title 28 to turn to for a transfer to a more appropriate district.
>
> . . . .
>
> Another variation on this theme would be where a given category of action has both a nationwide service authorization and a special venue instruction as well, but with the special venue provision turning on a word that seems to require resort to subdivision (c) for definition, as where it sets venue where the corporation "resides" or is "an inhabitant." (citation omitted). When a case in that category looks to subdivision (c) to tell it where the corporation resides, subdivision (c) will just respond that it resides wherever service can be made.

David D. Siegel, *Commentary on 1988 and 1990 Revisions of Section 1391,* 28 U.S.C.A. 1391 at p. 19 (1993). Suffice it to say, the court is confident that venue is proper in Kansas even though the defendants have no apparent contacts or ties to this judicial district.[4]

In her several responses to the defendants' motion to dismiss, the plaintiff asks this court to transfer or remove her case filed in the Superior Court of Los Angeles County, California, No. YC–017488, to the United States District Court for the District of Kansas. The defendants have submitted an entry of judgment documenting that on March 28, 1995, the state court granted summary judgment for the defendants and dismissed the action with prejudice. This court is presented with no factual or legal basis for altering the location or status of the plaintiff's California lawsuit.

IT IS THEREFORE ORDERED that the defendants' motion to dismiss for improper venue and lack of jurisdiction (Dk. 3) is denied;

IT IS FURTHER ORDERED that the plaintiff's requests for transfer and/or removal are denied.

---

**4.** The court will leave it to Congress to develop a new definition for corporate residence or to take other action that would prevent this anomalous result from reoccurring in the same or similar circumstances.