**CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and Howard McDougall, Trustee, Plaintiffs,**

v.

**SALASNEK FISHERIES, INC., a Michigan corporation, Defendant.**

No. 97 C 2173.

United States District Court, N.D. Illinois, Eastern Division.

Sept. 17, 1997.

Robert Anthony Coco, Central States Law Dept., Rosemont, IL, Margaret Mary Fahrenbach, Patrick J. Connor, Joseph R. Scott, Central States Law Dept., Des Plaines, IL, for Plaintiff.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

The plaintiffs, Central States, Southeast and Southwest Areas Pension Fund ("Central States") and Howard McDougall, filed suit against the defendant Salasnek Fisheries, Inc. ("Salasnek") to recover pension contributions under the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et. seq.* ("ERISA"). Salasnek now moves this Court to transfer the case to the Eastern District of Michigan pursuant to 28 U.S.C. § 1404(a). For the reasons set forth below, the motion is denied.

### Background

Central States is a multi-employer pension fund that provides retirement benefits to individuals who are covered by collective bargaining agreements between employers and local unions affiliated with the International Brotherhood of Teamsters ("IBT"). Central States' sole and exclusive office is located in Rosemont Illinois. Salasnek is a Michigan corporation that has been a contributing employer of Central States since January 1958.

On or about December 20, 1988 Salasnek and Local 337 of the IBT ("Local 337") entered into a collective bargaining agreement ("1988–1992 Agreement").[1] Pursuant to this agreement, Salasnek promised to contribute to Central States for each employee, including part-time employees, covered by the agreement.

---

1. Central States argues that this agreement remained in effect for contribution purposes during the relevant time period. The agreement states that it "shall be in full force and effect from December 20, 1988 to and including June 30, 1992, and shall continue in full force and effect from year to year thereafter unless written notice of desire to cancel or terminate the Agreement is served by either party upon the other at least sixty (60) days prior to date of expiration." Pls.' Am. Resp. to Def.'s Mot. to Transfer Venue, Ex. 2, Art. XXVIII.

In 1993, Salasnek and Local 337 entered into a new labor contract with a stated effective date from April 19, 1993 to at least April 30, 1996 ("1993–1996 Agreement"). The new agreement changed the 1988–1992 Agreement by eliminating contributions on behalf of part-time employees. Central States claims that it had no knowledge of this new agreement until August 1996.

In August of 1996, Central States audited Salasnek, and determined that Salasnek had not fully contributed for its part-time employees. Salasnek asserted that contributions were not due based on the 1993–1996 Agreement. Central States refuses to accept the 1993–1996 Agreement because its exclusion of part-time employees violates Central States' participation rules and federal law. Furthermore, Central States claims that the 1993–1996 Agreement is not binding on it under the Trust Agreement.[2]

Salasnek admits that it is bound by the Trust Agreement. Answer to Compl. at ¶ 10. However, Salasnek disputes Central States' claims and asserts that the 1993–1996 Agreement is valid and binding on Central States. As such, Salasnek has fully contributed to the fund.

### Legal Standard

Under Section 1404(a), a court may transfer a case if the moving party shows that (1) venue was proper in the transferor district, (2) venue and jurisdiction would be proper in the transferee district, and (3) the transfer will serve the convenience of the parties and the witnesses as well as the interests of justice. *College Craft Cos. v. Perry*, 889 F.Supp. 1052, 1054 (N.D.Ill.1995) (citation omitted). Neither party has argued that the first two elements have not been satisfied. Under ERISA venue is proper both in this district because the plan is administered here and in the transferee district because Salasnek resides there and the al-

leged breach took place there. 29 U.S.C. § 1132(e)(2). Hence, I will focus my analysis on which forum best serves the convenience of the parties and the witnesses and is in the interests of justice.

### A. Considerations of Convenience

Salasnek, as the moving party, bears the burden of demonstrating that the "transferee forum is clearly more convenient" than the transferor forum. *Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir.1989) (citing *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–220 (7th Cir.1986)). Considerations include the plaintiff's choice of forum, the convenience of the parties and witnesses, and the location of documents and sources of proof. *Chemical Waste Management, Inc. v. Sims*, 870 F.Supp. 870, 876 (N.D.Ill.1994). Transfer is inappropriate if it will simply shift the inconvenience of one party to the other. *Sage Products, Inc. v. Devon Industries, Inc.*, 148 F.R.D. 213, 216 (N.D.Ill.1993) (citations omitted). Because each case requires an individualized balancing of the factors involved, the decision to transfer is committed to the discretion of the Court. *Coffey*, 796 F.2d at 219.

### 1. Plaintiff's Choice of Forum

The plaintiff's choice of forum is entitled to substantial weight under Section 1404(a), especially if it is also the plaintiff's home forum. Indeed, the balance must weigh strongly in the defendant's favor before a plaintiff's choice of forum will be disturbed. *Chemical Waste*, 870 F.Supp. at 876 (citations omitted). Furthermore, since ERISA was designed to "protect the financial integrity of employee benefit plans" by allowing them to choose their forum to minimize costs, Central States' choice of forum is entitled to especially great weight. *See, e.g., Dugan v. M & W Dozing & Trucking, Inc.*,

---

**2.** The Trust Agreement states:

"Any agreement or understanding between the parties that in any way alters or affects the Employer's contribution obligation as set forth in the collective bargaining agreement shall be submitted promptly to the Fund in the same manner as the collective bargaining agreement; any such agreement or understanding between the parties that has not been disclosed to the Fund as required by this paragraph shall not be binding on the Trustees and shall not affect the terms of the collective bargaining agreement which alone shall be enforceable." Pls.' Am. Resp. to Def.'s Mot. to Transfer Venue, Ex. 4, § 1.

727 F.Supp. 417, 419 (N.D.Ill.1989); *Central States, S.E. & S.W. Areas Pension Fund v. C & M Trucking, Inc.,* 1989 WL 135039, *2 (N.D.Ill.1989). Thus, the fact that Central States has brought this action in the Northern District of Illinois, its home forum, weighs heavily against transfer.

### 2. Convenience of the Parties

Central States resides in the Northern District of Illinois, Mr. McDougall resides in Michigan, and Salasnek resides in Michigan. The fact that plaintiff, Mr. McDougall, resides in Michigan does not favor transfer. Central States claims that Mr. McDougall is a named plaintiff only because Section 502(a)(3) of ERISA authorizes civil actions brought by a participant, beneficiary, or fiduciary, not by the plan itself. 29 U.S.C. § 1132(a)(3). He has no firsthand knowledge of the lawsuit and is not expected to testify. Under these circumstances, transfer to the Eastern District of Michigan will merely shift the inconvenience from one party to the other, which militates against transfer. *See Sage,* 148 F.R.D. at 216.

### 3. Convenience of the Witnesses

The Court must consider not only the number of witnesses located in each forum but also the nature and importance of their testimony when weighing the convenience of the transfer to potential witnesses. *Rohde v. Central Railroad of Indiana,* 951 F.Supp. 746, 748 (N.D.Ill.1997). Salasnek has the burden of showing who its witnesses are, the nature of their testimony and how important that testimony will be to the case. *Id.*

Salasnek states that it intends to call as witnesses Michael J. Pickens and Jordan Salasnek, employees of Salasnek, as well as Charles Isom, and other unidentified representatives of Local Union No. 337. Carlson Aff. at ¶¶ 2, 3. All of these witnesses are residents of Michigan for whom the Eastern District of Michigan is a more convenient forum. On the other hand, Central States indicates that it intends to call at least two of its employees who are residents of the Northern District of Illinois.

Presumably, each party can assure the testimony of its employees, so the convenience of those witnesses does not weigh in favor or against transfer. *Roadmaster Corp. v. Nordictrack, Inc.,* 1993 WL 625537, *5 (N.D.Ill.1993). However, there is a potential problem with Salasnek's witness, Charles Isom, who cannot be compelled to testify in the Northern District of Illinois. Live testimony is preferred over other alternatives whenever feasible.

Salasnek claims that Mr. Isom's testimony is necessary and material to its defense of this case. He will be called to testify regarding collective bargaining negotiations between Salasnek and Local 337, the changes and modifications to the collective bargaining agreements which were operative between December, 1990 and December, 1995, and to further testify that Salasnek fully complied with the contractually required payments to Central States. Carlson Aff. at ¶ 5.

Although the unavailability of compulsory process is a potential problem, there is no indication that Mr. Isom is a hostile or reluctant witness. Furthermore, Salasnek identified two other witnesses who will testify to the same facts as Mr. Isom. Carlson Aff. at ¶¶ 2–5. But perhaps more importantly, it is unclear whether Mr. Isom's testimony is even relevant to the issues of this case. Central States does not dispute the existence or the terms of the two collective bargaining agreements entered into between Salasnek and Local 337. Rather, it asserts that as a matter of law, the 1993–1996 Agreement is not binding on it under the terms of the Trust Agreement.[3] The key issue appears to be the effect of the Trust Agreement.[4] Thus, the issue of Mr. Isom's potential unavailability does not militate in favor of transfer.

### 4. Access to Sources of Proof

Salasnek claims that all the documents relating to the 1993–1996 Agreement are in the

---

3. Since Central States claims that this case can be decided as a matter of law, it also argues that transfer is inappropriate because trial is unlikely.

4. Salasnek has admitted that it is bound by the Trust Agreement. *See* Answer to Compl. at ¶ 10.

Eastern District of Michigan. Central States claims that all the documents relating to the audit and the nonpayment are in this district. As noted above, the parties do not agree on what the key issue is, so it is not clear what documents are required. But even if Salasnek does have all the key documents, it has not "demonstrated that [it] cannot bring the critical documents to this district." *Arena Football League, Inc. v. Roemer,* 947 F.Supp. 337, 341 (N.D.Ill.1996).

### B. The Interests of Justice

█ The final consideration under Section 1404(a) is whether a change of venue would serve the interests of justice. This factor focuses on the "efficient administration of the court system," rather than the private considerations of the litigants. *Coffey,* 796 F.2d at 221. The only argument that Salasnek makes that potentially implicates this factor is that the dispute has a greater relation to the community in Michigan, than Illinois. The employees and Local 337 have an interest in the result of this litigation and they are residents of Michigan.

On the other hand, Central States argues that the employees who have an interest in this case would be hurt by the transfer. Congress gave multi-employer funds a choice of forum to shield them from the cost of far flung litigation that would ultimately drain the beneficiaries' pension benefits. *See Dugan,* 727 F.Supp. at 419. To allow employers to transfer venue "would thwart Congress' desire to protect the financial integrity of employee benefit plans. Any expenses incurred by Central States in this litigation would be passed on to the participants and beneficiaries of the pension fund." *Central States, S.E. & S.W. Areas Pension Fund v. Sloan,* 1988 WL 124334, *3 (N.D.Ill.1988). Thus, the interests of justice militate against transfer.

### Conclusion

Salasnek's motion to transfer the case to the Eastern District of Michigan is denied. Salasnek has failed to demonstrate that transferring this case would be more convenient to the parties or witnesses, or would be in the interests of justice.