**CENTRAL STATES, Southeast and Southwest Areas Pension Fund, and Howard McDougall, trustee, Plaintiffs,**

v.

**LEWIS & MICHAEL, INC., Defendant.**

No. 97 C 8070.

United States District Court,
N.D. Illinois,
Eastern Division.

Feb. 17, 1998.

Albert M. Madden, Patrick J. Connor, Central States Law Department, Rosemont, IL, Brad R. Berliner, Central States Law Department, Des Plaines, IL, Joseph R. Jeffery, Central States Law Department, Rosemont, IL, for Central States, Southeast and Southwest Areas Pension Fund, Howard McDougall.

Donald G. Weiland, Chicago, IL, James A Mills, Denlinter, Rosenthal & Greenberg, Cincinnati, OH, for Lewis & Michael, Inc.

## MEMORANDUM OPINION AND ORDER

LINDBERG, District Judge.

Plaintiffs Central States, Southeast and Southwest Area Pension Fund ("Pension Fund") and trustee Howard McDougall have brought this action against Lewis & Michael, Inc. ("Lewis & Michael") for alleged violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1461. Defendant has moved to transfer this case to the United States District Court for the Southern District of Ohio pursuant to 28 U.S.C. § 1404(a). That motion will be denied.

### I. *Background*

Plaintiff Central States Pension Fund is an employee benefit trust fund supported by contributions from multiple employers pursuant to their collective bargaining agreements with local unions. The principal and interest of the Fund are used for the exclusive purpose of providing pension benefits to participants in the Fund and of covering its administrative expenses. The Pension Fund maintains its principal and exclusive offices in Rosemont, Illinois.

Defendant Lewis & Michael is a business incorporated under the laws of Ohio with its principal place of business in Dayton. The complaint alleges that defendant was bound by its collective bargaining agreements with the International Brotherhood of the Teamsters, Local 957, to make contributions to the Fund on behalf of employees in its Merchandise Warehouse Division and Household Goods Moving Division. Following an audit, plaintiff concluded that Lewis & Michael had neglected to make required contributions to the Fund on behalf of certain covered employees.

### II. *Discussion*

Defendant has moved to transfer this case to the United States District Court for the Southern District of Ohio pursuant to 28 U.S.C. § 1404(a). Under that statute, a district court of proper venue may "[f]or the convenience of parties and witnesses, in the interest of justice ... transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A party seeking transfer must show that venue is appropriate in both the transferor and transferee courts, that transfer will serve the convenience of the parties and witnesses, and that transfer will promote

the interests of justice. *Vandeveld v. Christoph,* 877 F.Supp. 1160, 1167 (N.D.Ill.1995). The movant has "the burden of showing, by reference to particular circumstances, that the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 219–220 (7th Cir.1986); *Central States, Southeast and Southwest Areas Pension Fund v. Salasnek Fisheries, Inc.,* 977 F.Supp. 888, 890 (N.D.Ill.1997). The balancing of factors for and against transfer involves a significant degree of subtlety and is thus committed to the sound discretion of the trial judge. *Coffey,* 796 F.2d at 219.

### A. *Venue*

Section 502(a) of ERISA provides that an action for the recovery of unpaid pension contributions "may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e). Plaintiff Central States Pension Fund is administered in the Northern District of Illinois. Defendant Lewis & Michael is an Ohio corporation with its principal place of business in the Southern District of Ohio. Venue is therefore proper both in the Northern District of Illinois and in the Southern District of Ohio.

### B. *Convenience of Parties and Witnesses*

In measuring the convenience of one forum over another, the court may consider such factors as the plaintiff's choice of forum, the site of the material events, and the convenience of the parties and witnesses. *College Craft Companies, Ltd. v. Perry,* 889 F.Supp. 1052, 1054 (N.D.Ill.1995). In an ERISA enforcement action brought by a pension plan, the court must give substantial deference to the plaintiff's choice of venue unless it is clearly outweighed by other factors. *Salasnek Fisheries,* 977 F.Supp. at 890; *Central States, Southeast and Southwest Areas Pension Fund v. Centra, Inc.,* 1997 WL 473828, at *2 (N.D.Ill.1997) (not reported F.Supp.); *Central States, Southeast and Southwest Areas Pension Fund v. Blue Ridge Trucking Co.,* 1991 WL 140100, at *2 (N.D.Ill.1991) (not reported F.Supp.); *Trustees of Hotel Employees and Restaurant Employees Int'l Union Welfare Pension Fund v. Amivest Corp.,* 733 F.Supp. 1180, 1182–1183 (N.D.Ill.1990); *Central States, Southeast and Southwest Areas Pension Fund v. Stephens,* 720 F.Supp. 126, 127 (N.D.Ill.1989). Since plaintiffs elected to bring this action in the Northern District of Illinois, this factor weighs heavily against transfer.

In assessing the convenience of the witnesses, the court should consider both the number of witnesses in each forum and the relative importance of their testimony. *Heller Financial, Inc. v. Midwhey Powder Company, Inc.,* 883 F.2d 1286, 1293–1294 (7th Cir.1989). Defendant has named fifteen current or former employees who participated in the negotiation and administration of its collective bargaining agreements and who can testify about their scope and application. All but one of these individuals resides in Ohio. Plaintiff has identified two material witnesses and they both reside in Illinois. These numbers do not suggest a transfer, however, because defendant has not shown that the testimony of each witness will be necessary. In any event, the location of the witnesses is of diminished importance in this case because there is a considerable likelihood that the material issues will be resolved prior to trial. And while defendant points out that its witnesses are beyond compulsory process, there is no particular reason to believe that they will be uncooperative. *See Salasnek Fisheries,* 977 F.Supp. at 891 (fact that witnesses are beyond compulsory process does not favor transfer where there is no evidence that witnesses are hostile or reluctant). In these circumstances, then, the court finds that the convenience of the witnesses does not weigh either for or against transfer.

Defendant argues that it will suffer financial hardship if it is required to litigate this action in Chicago because it is a small corporation with a net worth of only about 1.8 million dollars. Although the court is sensitive to the financial burden that is imposed on small companies that are forced to litigate in a distant forum, it finds that this is of diminished concern in the instant case because of the likelihood that the issues will be resolved without a trial. Accordingly, the court finds that the convenience of the par-

ties and witnesses does not favor a transfer. *See Coffey,* 796 F.2d at 220 (all other things being equal, court should not grant a transfer if it merely shifts the inconvenience from one party to the other).

### C. *Interests of Justice*

■ The public interest weighs heavily against the transfer of this action. By allowing pension funds to bring enforcement actions in the district where they are administered, Congress sought to protect the integrity of benefit plans by encouraging them to proceed "in a manner that most efficiently collects delinquent contributions." *Blue Ridge Trucking,* 1991 WL 140100, at *2. Because the expense of a contribution enforcement action is passed to the beneficiaries of the pension plan, it would be counterproductive to require the plans to prosecute their cases in the foreign districts where the contributing employers reside. *See Salasnek Fisheries,* 977 F.Supp. at 892, *citing Dugan v. M & W Dozing & Trucking, Inc.,* 727 F.Supp. 417, 419 (N.D.Ill.1989). The court therefore finds that the interests of justice weigh heavily against the transfer of this case.

### III. *Conclusion*

Giving substantial weight to plaintiff's decision to proceed in the Northern District of Illinois, the court finds that the interests of justice strongly disfavor transfer of this action to the Southern District of Ohio and outweigh any inconvenience that may be incurred by defendant and its witnesses by litigating in this district. The motion to transfer will therefore be denied.

ORDERED: Defendant's motion to transfer this case to the United States District Court for the Southern District of Ohio is denied.