Cindy BRIESCH, and Charter Hospital
of Glendale, Plaintiffs,

v.

AUTOMOBILE CLUB OF SOUTHERN
CALIFORNIA, Defendant.

No. 2:98CV405C.

United States District Court,
D. Utah,
Central Division.

Feb. 25, 1999.

Mr. Robert G. Wing, Salt Lake City, UT, for Plaintiffs.

Mr. Scott A. Hagen, Salt Lake City, UT, for Defendant.

## ORDER

CAMPBELL, District Judge.

This matter comes before the court on defendant's motion to dismiss plaintiffs' claims, and alternatively to transfer venue.[1] The court conducted a hearing on this motion on January 22, 1999. Mr. Scott Hagen appeared on behalf of defendant Automobile Club of Southern California. Mr. Scott DuBois appeared on behalf of plaintiffs Cindy Briesch and Charter Hospital of Glendale. For the reasons set forth below, the defendant's motions are denied.

1. The Court notes that plaintiffs could have persuasively countered defendant's motion by arguing that issue preclusion applies. In *McCracken v. Automobile Club of S. Cal., Inc.,* 891 F.Supp. 559 (D.Kan.1995), the Federal District Court in Kansas ruled that both personal jurisdiction and venue over ACSC were appropriate in the District of Kansas under

## I. Background

This case involves a claim by plaintiff Cindy Briesch and Charter Hospital of Glendale for ERISA benefits. Briesch claims that she was covered under an ERISA plan administered by her husband's employer, the Automobile Club of Southern California (hereinafter ACSC). Briesch was hospitalized at the Charter Hospital of Glendale for mental health treatment in 1995, and ACSC has refused to pay for the full amount of services Briesch received from the Charter Hospital.

Plaintiffs are both citizens of Arizona, and defendant ACSC is a nonprofit California corporation. When the plaintiffs' claims for payment were denied by ACSC, the plaintiffs' administrative appeals process was conducted by Claims Management, Inc., a Utah corporation. Vista Behavioral Health Plans, a California corporation, conducted the appeals on behalf of ACSC.

## II. Removal

Plaintiffs filed a suit for breach of contract and estoppel in the Third Judicial District Court of Salt Lake County, Utah, and the defendant has removed the case to this federal court. Under 28 U.S.C. § 1441, cases may be removed to federal court as long as the case could have originated in the federal court. The defendant's removal petition argued that even though the complaint alleges only state law claims, the complaint nonetheless presents a federal question under ERISA, 29 U.S.C. § 1001, et seq.[2]

The Supreme Court has established that federal subject matter jurisdiction usually exists only when a plaintiff's

ERISA jurisdictional provisions. However, since neither party raised this issue, the court will consider the merits of defendant's motions.

2. Neither party argues that diversity jurisdiction should apply in this case.

"well-pleaded complaint" includes claims based on federal law. *See Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) (quoting *Gully v. First National Bank*, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936)). Defendants cannot establish federal subject matter jurisdiction merely by pleading defenses based on federal law, including the defense of federal preemption of state law. *See id.; Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 13–14, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).

■ However, the Supreme Court has recognized an exception to the well-pleaded complaint rule. For cases where Congress intended to completely preempt a field of regulation, the state law claims in the area take on a "federal character." *Id.* at 63–64, 103 S.Ct. 2841. The Court has applied the complete preemption analysis to cases implicating the Employee Retirement Income Security Act.

■ Section 514(a) of ERISA provides that ERISA "shall supercede any and all State laws insofar as they … relate to any employee benefit plan" covered by the statute. 29 U.S.C. § 1144(a). Since plaintiff Briesch is a beneficiary of an ERISA plan, and she is suing the plan administrator for a denial of benefits, this lawsuit clearly falls within the preemption language of ERISA. *See New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 656, 115 S.Ct. 1671, 131 L.Ed.2d 695 (explaining that Congress intended ERISA to provide a uniform body of benefits law, broadly preempting state regulations). Therefore, the case is properly before this federal court.

III. Motion to Dismiss for Lack of Venue

■ After removing the case to federal court, defendant ACSC brought this motion to dismiss, claiming that venue under ERISA, 29 U.S.C. § 1132(e), is improper.[3] Defendant argues that because it adminis-

tered the plan from California, it refused payment to an Arizona resident receiving care from an Arizona hospital, and ACSC resides in California, that this Utah court cannot exercise personal jurisdiction over defendant.

The defendant points to jurisdictional language in ERISA which provides that "[w]here an action … is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). This provision has been interpreted to authorize nationwide service of process. *See United Elec. Workers v. 163 Pleasant Street Corp.*, 960 F.2d 1080, 1086 (1st Cir. 1992).

Once a statutory basis for serving process has been established, the court must ensure that its exercise of personal jurisdiction complies with the due process requirements of the Fifth Amendment, so that the suit does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The traditional due process analysis involves determining whether the defendant has minimum contacts with the forum and whether the exercise of jurisdiction is fair and reasonable based on the extent of those contacts. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Defendant ACSC argues that it does not have minimum contacts with Utah, that jurisdiction therefore violates due process, and that the suit must be dismissed.

However, in the context of statutes containing language authorizing nationwide service of process, the Tenth Circuit has held that the minimum contacts analysis should examine defendant's contacts with the United States rather than contacts

---

3. This section of ERISA actually defines jurisdiction under the statute, and this motion is

essentially one objecting to the court exercising personal jurisdiction over defendant.

with the forum state itself. *See In Matter of Application to Enforce SEC Subpoenas v. Knowles,* 87 F.3d 413, 417 (10th Cir. 1996) (holding that "[w]hen the personal jurisdiction of a federal court is invoked based upon a federal statute providing for nationwide or worldwide service, the relevant inquiry is whether the respondent has had sufficient minimum contacts with the United States .... Specific contacts with the district in which enforcement is sought ... are unnecessary").

The Fifth Circuit has applied the same analysis to personal jurisdiction under ERISA:

> Concluding that service of process and personal jurisdiction are conceptually related concepts, we determined that when a federal court attempts "to exercise personal jurisdiction over a defendant in a suit based upon a federal statute providing for nationwide service of process, the relevant inquiry is whether the defendant has had minimum contacts with the United States." We specified that in such a case the relevant sovereign is the United States, and held that the due process concerns of the Fifth Amendment are satisfied and traditional notions of fair play and substantial justice are not offended where a court exercises personal jurisdiction over a defendant residing within the United States.

*Bellaire Gen. Hosp. v. Blue Cross Blue Shield of Mich.,* 97 F.3d 822, 825 (1996). Every other circuit court that has addressed this issue has also interpreted nationwide service of process language to require a due process inquiry into defendants' contacts with the United States as a whole, rather than contacts with the forum state. *See, e.g., United Electrical, Radio and Machine Workers v. 163 Pleasant St. Corp.,* 960 F.2d 1080, 1085 (1st Cir.1992)

(holding that under ERISA, "the Constitution requires only that the defendant have the requisite 'minimum contacts' with the United States, rather than with the particular forum state"); *IUE AFL–CIO Pension Fund v. Herrmann,* 9 F.3d 1049 (2nd Cir.1993) (following minimum contacts with United States analysis for case brought under Multiemployer Pension Plan Amendments Act (amending ERISA)); *Trust Co. of La. v. NNP. Inc.,* 104 F.3d 1478 (5th Cir.1997) (following minimum contacts with United States analysis in case brought under Securities and Exchange Act); *Bellaire Gen. Hosp. v. Blue Cross Blue Shield of Mich.,* 97 F.3d 822 (5th Cir.1996) (following contacts with United States analysis in ERISA case) [4]; *Busch v. Buchman, Buchman, & O'Brien Law Firm,* 11 F.3d 1255 (5th Cir.1994) (considering minimum contacts with United States in a case brought under the Securities and Exchange Act); *United Liberty Life Ins. Co. v. Ryan,* 985 F.2d 1320 (6th Cir.1993) (considering the Securities and Exchange Act language); *Diamond Mortgage Corp. v. Sugar,* 913 F.2d 1233 (7th Cir.1990) (considering language in federal bankruptcy law); *Go–Video, Inc. v. Akai Elec. Co.,* 885 F.2d 1406 (9th Cir. 1989) (interpreting jurisdiction under the Clayton Act).

The District of Utah has produced varied analyses on this issue. *See McCluskey v. Bellsouth Medical Assistance,* 23 F.Supp.2d 1312 (D.Utah 1998) (dismissing an ERISA case for lack of minimum contacts with Utah); *Phone Directories Co., Inc. v. Contel Corp.,* 786 F.Supp. 930 (D.Utah 1992) (holding that despite nationwide service of process provisions in the Clayton Act, the court must consider minimum contacts with Utah); *cf. Federal Savings & Loan Ins. Corp. v. Provo Ex-*

---

**4.** The *Bellaire* court expressed reservations about using this standard stating that personal jurisdiction and service of process are "conceptually distinct issues. We fail to apprehend how personal jurisdiction can be separated from due process by Congressional enactment of nationwide service of process provisions." *Id.* at 826. However, a year

later the court held that nationwide service of process language in the Securities and Exchange Act required only minimum contacts with the United States to comply with Fifth Amendment due process provisions. *See Trust Co. of Louisiana v. N.N.P., Inc.,* 104 F.3d 1478 (5th Cir.1997).

*celsior Ltd.,* 664 F.Supp. 1405 (D.Utah 1987) (analyzing minimum contacts with the United States, rather than Utah, in a case considering nationwide service of process language in the Securities and Exchange Act).

However, all other district courts within the Tenth Circuit have held that ERISA's nationwide service of process language requires courts to consider a defendant's minimum contacts with the United States. *See Boilermaker–Blacksmith Nat'l Pension Fund v. Nevada Boiler Works, Inc.,* No. 96–2168–GTV, 1997 WL 94241 (D.Kan. Feb.27, 1997); *McCracken v. Automobile Club of S. Cal., Inc.,* 891 F.Supp. 559 (D.Kan.1995); *Kiely v. Shores Group,* No. 93–2194–JWK, 1993 WL 405807 (D.Kan. Sept.29, 1993); *Welch v. Pro–Benefit Staffing, Inc.,* No. 90–A–426, 1990 WL 174885 (D.Colo. Nov.7, 1990); *US Telecom, Inc. v. Hubert,* 678 F.Supp. 1500 (D.Kan.1987); *Palka v. Hylwa,* No. 85–2480, 1986 WL 22380 (D.Kan. Sept.3, 1986).

■ The clear weight of opinion among the circuit courts and district courts within the Tenth Circuit indicates that to determine personal jurisdiction under ERISA, courts should determine whether a defendant has minimum contacts with the United States. This court is persuaded to follow this majority. Since defendant ACSC is a California corporation, it has minimum contacts with the United States. Therefore, the court holds that ERISA's nationwide service language contained in 29 U.S.C. § 1132(e)(2) provides it with personal jurisdiction over defendant ACSC. The defendant's motion to dismiss is DENIED.

IV. *Motion To Transfer Venue*

■ In the alternative, defendant moves to transfer venue to California. Under 28 U.S.C. § 1404, the court has discretion to change venue "for the convenience of parties and witnesses, [and] in the interests of justice." 28 U.S.C. § 1404(a). Defendant argues that the case should be tried in California because ACSC is a resident of California, because it administered the

plan in California, because conducting the case in Utah would burden it and its witnesses, and because the plaintiffs already demonstrated their willingness to litigate this case outside their home state of Arizona.

■ District courts have broad discretion in determining whether to grant motions to transfer venue. *See Chrysler Credit Corp. v. Country Chrysler, Inc.,* 928 F.2d 1509, 1515 (10th Cir.1991). The party moving for transfer of venue bears the burden of demonstrating that the existing forum is inconvenient. *See id.* The plaintiff's choice of forum should not be disturbed unless the evidence strongly favors the moving party. *See Scheidt v. Klein,* 956 F.2d 963, 965 (10th Cir.1992). Congressional policy favors plaintiff's choice of forum in ERISA actions. *See, e.g., Kiely v. Shores Group Inc.,* No. 93–2194–JWK, 1993 WL 405807 (D.Kan. Sept.29, 1993) (citing *International Bhd. of Painters & Allied Trades Union v. Best Painting & Sandblasting Co.,* 621 F.Supp. 906, 907 (D.D.C.1985)). Furthermore, the moving party must provide evidence showing the inconvenience; mere allegations are not sufficient to meet the moving party's burden of proof. *See Rivendell Forest Prods. Ltd. v. Canadian Pac. Ltd.,* 2 F.3d 990, 993 (10th Cir.1993).

Since defendant ACSC fails to provide any affidavits or other evidence demonstrating the inconvenience of the Utah forum either to itself or to its witnesses, its motion to transfer venue fails to meet the moving party's burden of proof. In addition, plaintiffs note that the case is likely to be conducted on the administrative appeals record, created by the Utah and California claims processing companies employed by parties to this case. The Tenth Circuit has stated that "[m]erely shifting the inconvenience from one side to the other ... obviously is not a permissible justification for a change of venue." *Scheidt v. Klein,* 956 F.2d 963, 966 (10th

Cir.1992). Consequently, the defendant's motion to transfer venue is DENIED.