### Brenda ABERCROMBIE, Plaintiffs,

v.

### CONTINENTAL CASUALTY COMPANY, Defendant.

### Civ A. No. 6:03–3382–20.

United States District Court,
D. South Carolina,
Spartanburg Division.

Dec. 16, 2003.

**606**

Robert Edward Hoskins, Foster and Foster, Greenville, SC, for plaintiff.

Christine M. Gantt, Haynsworth, Sinkler, Boyd, Greenville, SC, for defendant.

## OPINION

HERLONG, District Judge.

This matter is before the court on Continental Casualty Company's ("Continental") motion to dismiss pursuant to Rule 12(b)(1), (2), and (3) of the Federal Rules of Civil Procedure as well as 29 U.S.C. § 1132(e)(2). For the reasons set forth below, the court denies Continental's motion to dismiss.

This is an ERISA benefits case in which Brenda Abercrombie ("Abercrombie") seeks long-term disability benefits pursu-

ant to an ERISA plan ("the Plan") and 29 U.S.C. § 1132(a)(1)(B). Pursuant to 29 U.S.C. § 1132(e)(2), Continental asserts the case should either be dismissed for lack of personal jurisdiction or transferred to a more appropriate venue.[1] ERISA § 502(e)(2) states:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

29 U.S.C. § 1132(e)(2). There is no dispute that ERISA applies in this case.

When personal jurisdiction is challenged by the defendant, a plaintiff has the burden of showing that jurisdiction exists. *See In re Celotex Corp.*, 124 F.3d 619, 628 (4th Cir.1997). "When a district court decides a pretrial personal jurisdiction dismissal motion without an evidentiary hearing, [p]laintiffs need only prove a *prima facie* case of personal jurisdiction." *Sadighi v. Daghighfekr*, 36 F.Supp.2d 267, 270 (D.S.C.1999). In making this determination, the court looks to the complaint and any supporting affidavits. *See In re Celotex Corp.*, 124 F.3d at 628. Furthermore, the court will construe factual allegations in favor of the plaintiff. *See id.*

First, Continental argues that the court lacks personal jurisdiction. In support of this argument, Continental asserts Abercrombie is a citizen of North Carolina, works exclusively in North Carolina, the

---

1. Continental also moves to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. However, as Continental points out in its motion, "Plaintiff concedes in her Complaint that this matter is a benefit claim under an employee welfare benefit plan and, there-

fore, is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq." (Mot. Dismiss at 1.) Therefore, to the extent Continental moves to dismiss for lack of subject matter jurisdiction, that motion is denied. *See* 28 U.S.C. §§ 1331, 1132(e)(1).

administration of the Plan is in Pennsylvania, and the alleged breach took place in North Carolina. While Continental concedes it insures other employee welfare benefit plans for South Carolina employers, it argues this is not enough to warrant the court's exercise of personal jurisdiction in this case.

■ Although the parties spend a great deal of time disputing the facts related to Abercrombie's contacts with South Carolina, the court finds that even if she has *no* contacts with South Carolina, the exercise of personal jurisdiction over Continental is proper. Section 502(e)(2), "which provides for nationwide service of process, has been interpreted for purposes of personal jurisdiction as a national contacts test." *Schrader v. Trucking Employees of N. Jersey Welfare Fund, Inc.*, 232 F.Supp.2d 560, 571 (M.D.N.C.2002) (internal quotation omitted). "Therefore, when a federal court asserts personal jurisdiction over a defendant in a suit based on a statute that includes a provision for nationwide service of process, the relevant inquiry is not whether the defendant has sufficient minimum contacts with the forum state, but rather, whether the defendant has sufficient contacts with the United States as a whole." *Id.* There is no question that Continental has sufficient contacts with the United States to satisfy this test. In addition, the court's exercise of personal jurisdiction over Continental will not create "unfair burden or inconvenience." *Id.* at 572.

■ Moreover, the court finds Continental's alternative argument that venue is improper without merit.[2] Pursuant to § 502(e)(2), "venue is proper in any district where the plan is administered, where the alleged breach took place, or where a de-fendant resides or may be found." *Id.* at 573. In its motion, Continental asserts the Plan is administered in Pennsylvania, the breach took place in North Carolina, and Abercrombie is located in North Carolina. Assuming the latter two to be true, the third venue inquiry is where the *defendant* resides or may be found, not the plaintiff.

■ The meaning of "may be found" has not been addressed by the United States Court of Appeals for the Fourth Circuit. However, the court finds the United States Court of Appeals for the Seventh Circuit's decision in *Waeltz v. Delta Pilots Retirement Plan*, 301 F.3d 804, 810 (7th Cir.2002) persuasive. In *Waeltz*, the court held, "A fund can be found in a judicial district if it has the sort of minimum contacts with that district that would support the exercise of personal jurisdiction under the rule of *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945)." 301 F.3d 804 at 810; *see also Ballinger v. Perkins*, 515 F.Supp. 673 (W.D.Va.1981). Admittedly, Continental insures Plans for other employers in South Carolina. The court finds this sufficient to establish minimum contacts under the standard set forth in *International Shoe* and as such Continental can "be found" in South Carolina for purposes of the ERISA venue statute.

■ In the alternative, the court also finds persuasive the District of Kansas' decision in *McCracken v. Auto. Club of S. Cal., Inc.*, 891 F.Supp. 559 (D.Kan.1995). In *McCracken*, the court looked to the general venue statute, 28 U.S.C. § 1391, in determining where a corporation resides for purposes of § 502(e)(2). Section 1391(c) states, "For purposes of venue . . . , a defendant that is a corporation shall be

---

**2.** The court notes that Continental does not move to transfer venue pursuant to 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses. Rather, Continental argues venue is improper pursuant to § 502(e)(2). As such, the court's discussion is limited to that issue.

deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). Because Continental is subject to personal jurisdiction in South Carolina as stated above, the court finds that Continental resides in South Carolina for purposes of the ERISA venue statute. For these reasons, Continental's alternative request to transfer venue is denied.

Therefore, it is

**ORDERED** that Continental's motion to dismiss is denied.[3]

**IT IS SO ORDERED.**

**3.** The court declines to address Abercrombie's alternative ground for the denial of Continental's motion to dismiss.